**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION**

**BRET A. BIELEMA**                                                                      **PLAINTIFF**

**v.**                                           **5:20-cv-05104-PKH**

**THE RAZORBACK FOUNDATION, INC.**                                        **DEFENDANT**

<u>**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS**</u>

Defendant, The Razorback Foundation, Inc. (the "Foundation"), through its attorneys, for its Reply in Support of its Motion to Dismiss Plaintiff's Amended Complaint, states as follows:

Bielema concedes that the real issue before the Court is the forum selection clause. The Foundation agrees. Nevertheless, Bielema cannot resist continuing to distort the record. Although the Foundation strongly disagrees with Bielema's distorted characterizations of the contractual language and his attempt to rewrite history, it will leave those matters for another day.

Crystal clear from Bielema's brief is that he will say anything to win.

- In his original complaint, he alleged that the Foundation is an arm of the state. When he realized those assertions may result in dismissal, he alleged the exact opposite in his amended complaint. He now doubles down in his brief, asserting that the Foundation could not possibly be an arm of the state.

- In his brief, he first argues that the Foundation drafted the venue provision, but then argues a few pages later that Bielema supposedly insisted on including the new venue provision.

- He cited the *Northport* decision in his original complaint in support of federal venue but now largely ignores this Court's precedent that is the most salient authority on the issue.

- He first argues that a court sits where it regularly conducts court proceedings, but later reverses course to suit his argument and argues that a court sits where a case is to be tried.

Bielema's change of position at every turn undermines his arguments and demonstrates an unfortunate truth – Bielema filed suit in this Court, not because he actually believed it was the proper forum under the contract, but because he perceives some tactical advantage to litigating his claims in a different forum.

1

## I.      The Forum Selection Clause Requires Dismissal in Favor of State Court

Bielema concedes that the forum selection clause is mandatory and enforceable. He instead argues that because the forum selection clause designates a county where a state and federal court both sit, the clause permits the case to be heard in either court. But there are few cases that address this specific point, and the most analogous of those cases hold that the state court must hear the dispute. *See Robrinzine v. Big Lots Stores, Inc.*, 2016 WL 3459733, at *3 (N.D. Ill. June 24, 2016) (provision stating "Franklin County Ohio shall be designated as the venue" required state court to hear dispute even though federal court sat in chosen county); *Switch, Ltd v. GEI Consultants, Inc*., 2019 WL 4803222, at *1 (D. Nev. Oct. 1, 2019) (provision stating "Clark County, Nevada, shall be the exclusive venue and jurisdiction for any dispute arising out of or related to this Agreement" required state court to hear dispute even though federal court sat in chosen county).

Notably, Bielema cites no relevant Eighth Circuit precedent. Bielema cites a dozen or more out-of-circuit cases interpreting materially different contractual language but largely ignores the elephant in the room – that the only binding precedent from this Court held that a virtually identical forum selection clause required that the dispute be heard in state court. *See Northport Health Servs. of Arkansas, LLC v. Ellis*, 2020 WL 1846531, at *1 (W.D. Ark. Apr. 10, 2020).

The Foundation has not found a case that lines up more squarely than the *Northport* case (*i.e.*, involves a forum selection clause that (i) uses the phrase "shall be" as opposed to "in" or "of," (ii) employs mandatory venue language, and (iii) designates a county where both a state a federal court sit). Bielema fails to show that the Court's holding there does not dictate dismissal in this case. Bielema's only argument distinguishing the *Northport* case as a legal matter is spurious. He contends that this Court's holding relied on the *pair* of words "sole and exclusive" – suggesting that the Court's holding would have been different if only the word "sole" or "exclusive" were present in the contract at issue. That is not how the Foundation reads that decision, nor is it how

other courts in this circuit have interpreted those terms. *See Wahrmund v. Buschman*, 2017 WL 5661340, at *4 (E.D. Ark. Mar. 28, 2017) (explaining that "words such as shall, must, sole, only, *or* exclusive" are all words of exclusivity (emphasis added)). Neither is there anything in the cases to suggest that the word exclusive is broader than the word sole, as Bielema later argues.

In an apparent attempt to avoid this Court's previous decision, Bielema's brief is heavy with case citations, but no amount of inapposite authority will tip the scales in his favor. Many of the cases upon which Bielema relies involved situations where there was no federal courthouse in the designated county.[1] These cases stand for the unremarkable proposition that where there is not a federal court in the chosen county, state courts must hear the dispute. These cases do not, however, stand for the inverse. In fact, numerous cases come out the other way on this issue. *Northport*, 2020 WL 1846531, at *4 (dismissing in favor of state court where a federal court sat in chosen county); *Robrinzine*, 2016 WL 3459733, at *9 (same); *Hot Shot Servs., Inc. v. Nanney*, 2010 WL 11493293, at *5 (D.N.M. Apr. 23, 2010) (same). Cases where there is no federal court in the chosen county are wholly irrelevant, and Bielema's assertion that the presence of a federal courthouse in the county ends the inquiry is flatly false. Additionally, many of Bielema's cases had been removed to federal court and often involved one party having arguably waived the right to remove by agreeing to language in a forum selection clause.[2] Removal is a different procedure

---

[1]   *City of Albany v. CH2M Hill, Inc*., 924 F.3d 1306, 1308-09 (9th Cir. 2019); *Bartels v. Saber Healthcare Grp., LLC*, 880 F.3d 668, 676-77 (4th Cir. 2018); *Yakin v. Tyler Hill Corp*., 566 F.3d 72, 76 (2d Cir. 2009); *Collin Cty. v. Siemens Bus. Servs., Inc*., 250 F. App'x 45, 52 (5th Cir. 2007); *Weener Plastics, Inc. v. HNH Packaging, LLC*, 2009 WL 2591291, at *8 (E.D.N.C. Aug. 19, 2009); *Hope Cancer Treatment Found., Inc. v. Mountaineer Park, Inc*., 2007 WL 184820, at *2 (W.D. Pa. Jan. 19, 2007); *Argyll Equities LLC v. Paolino*, 211 F. App'x 317, 319 (5th Cir. 2006).
[2]   *Bartels*, 880 F.3d at 676; *Blanca Peak Res. v. Big Star Energy Ltd*., 2020 WL 1445785, at *1 (N.D. Tex. Mar. 24, 2020); *Weener*, 2009 WL 2591291, at *4; *Links Design, Inc. v. Lahr*, 731 F. Supp. 1535, 1536 (M.D. Fla. 1990); *Albany*, 924 F.3d at 1308-09; *Simonoff v. Expedia, Inc*., 643 F.3d 1202, 1205 (9th Cir. 2011); *Yakin*, 566 F.3d at 76; *Collin*, 250 F. App'x at 50; *Nahigian v. Juno-Loudoun, LLC*, 661 F. Supp. 2d 563, 567-68 (E.D. Va. 2009); *Paolino*, 211 F. App'x at 319.

entirely. *See Presson v. Haga*, 2018 WL 4184344, at *3 (E.D. Mo. Aug. 31, 2018) (distinguishing, and choosing not to apply, cases involving removal in interpreting a forum selection clause). As a result, these cases likewise are of no aid to Bielema's cause.

In the face of irrefutable authority, Bielema strains to argue that there is no significance to the word "in" in forum selection clauses. This argument is contrary to this Court's decision in *Northport* and flies in the face of numerous cases, including those cited in Bielema's own brief. *Northport*, 2020 WL 1846531, at *3 ("The Court agrees that the 'of'/'in' distinction identified in these cases can serve to clarify the intent of the parties to a forum-selection clause[.]"); *see also Simonoff*, 643 F.3d at 1206-07. It is clear that the word "in" is technically meaningful in forum selection clauses. The Foundation is not the first to have "imagined" this distinction; numerous courts have relied on it. As a result, the cases Bielema cites with the word "in" are unhelpful.[3]

Perhaps most notable is the explanation from the Fifth Circuit in *Alliance Health Grp., LLC v. Bridging Health Options, LLC* – a case upon which Bielema and nearly all of his supporting cases rely. There, the forum selection clause stated: "exclusive venue for any litigation related hereto shall occur **in** Harrison County, Mississippi." 553 F.3d 397, 399 (5th Cir. 2008) (emphasis added). The court determined that the federal court could hear the case based, in part, on the word "in." *Id*. at 400. Importantly, the court explained, "***The clause at issue does not state that venue shall be some county, which might have suggested an intent to limit venue to a single tribunal.*** On the contrary it merely says that venue shall exclusively occur in Harrison County, a markedly less specific construction." *Id*. at 401 (emphasis added). Here, the forum provision includes precisely the language *Alliance* used as a point of comparison: "Washington County, Arkansas, **shall be** the exclusive venue[.]" Thus, under Bielema's own authority, this dispute must be heard

---

[3]   Notably, Bielema removed many of these cases when forced to reduce the pages in his brief.

by a single tribunal, Washington County Circuit Court.

Bielema attempts to distinguish cases cited in the Foundation's brief based on the fact that they involved one undivided judicial district. He argues that because one division encompasses the entire state, filing suit in federal court does not guarantee that a case would be tried in the designated county. But that is simply not the law. The venue statute specifically provides that "[a] district court may order any civil action to be tried at any place within the division in which it is pending." 28 U.S.C. § 1404(c). Additionally, these single division cases comprise only a handful of the cases that dictate dismissal in favor of state court. *See Northport*, 2020 WL 1846531; *Robinzine*, 2016 WL 3459733, at *3; *see also Tri-Lakes Petroleum Co., LLC v. Brooks*, 2014 WL 1789391, at *1 (N.D. Okla. May 5, 2014).[4] For example, in *Robizine*, the court interpreted the forum clause providing, "Franklin County Ohio shall be designated as the venue for the resolution of any claim[.]" 2016 WL 3459733, at *6. The court held that the clause required an Ohio state court to hear the dispute even though a federal court sits in Franklin County. *Id*.

In sum, under this Court's precedent and guided by the majority of other courts that have addressed the issue, the forum selection clause mandates dismissal in favor of state court.[5]

## II.     Extrinsic Evidence Shows that the Parties Intended for the Dispute To Be Heard Solely by the Washington County Circuit Court

If the Court determines that the forum selection provision is ambiguous, then it may "appropriately consider extrinsic evidence to interpret this contract provision." *Terra Int'l, Inc. v. Mississippi Chem. Corp.*, 119 F.3d 688, 693 n.8 (8th Cir. 1997); *Northport*, 2020 WL 1846531, at *2. "In ascertaining this intention, the court should place itself in the same situation as the parties

---

[4]   Contrary to Bielema's assertion, Oklahoma has three districts and is in Tenth Circuit.

[5]   Arkansas state courts sit in each county. *Northport*, 2020 WL 1846531, at *4. Washington County is no different, and all trials are held there, not Madison County.

who made the contract in order to view the circumstances as the parties viewed them at the time the contract was made." *Northport*, 2020 WL 1846531, at *3.

The course of dealings between the parties demonstrates that they intended for any disputes between them to be heard in Washington County Circuit Court. The parties' two prior contracts included forum selection clauses specifically designating Washington County Circuit Court. The evidence also shows that the controlling law and "exclusive venue" provisions in the Final Buyout Agreement were not negotiated. Exhibit A, Scott Varady Aff., ¶¶ 5-8.[6] Contemporaneous email exchanges demonstrate that they discussed and negotiated many terms, but the controlling law and "exclusive venue" provisions were never discussed. *Id*. ¶ 7 & Ex. 1. Thus, the parties understood and intended for the venue provision to have the same effect as the prior agreements.

Bielema argues that when the Final Buyout Agreement was executed Bielema was moving out of state so the parties contemplated diversity jurisdiction and intended to permit suit in federal court. Notably, though, the complaint claims only that he was aware that the venue clause would allow him to litigate in state or federal court, not that venue was a negotiated term. Am. Compl. ¶ 6. In his brief, he now suggests that the venue provision was negotiated. But this argument is unsupported[7] and lacks credibility. He argues that the final agreement's inclusion of the phrase "without regard to its choice of law principles" demonstrates that the parties were for the first time considering an interstate dispute. He contends that another state having a significant relationship to the dispute "was too remote to mention" before 2018. That post-hoc rationalization is ludicrous and clearly contrived in an attempt to salvage an improper forum-shopping effort by Bielema that has now been challenged. SEC football is an interstate commercial activity and one can imagine

---

[6]   The Foundation offers this Affidavit and supporting documentation in response to Bielema's erroneous and unfounded assertions regarding the "exclusive venue" provision.

[7]   *See P.S. Prod., Inc. v. Activision Blizzard, Inc*., 140 F. Supp. 3d 795, 806 (E.D. Ark. 2014) (explaining plaintiff may not amend complaint through response to motion to dismiss).

innumerable scenarios from coaching to recruiting to marketing in which another state would have been involved prior to 2018. Additionally, contrary to Bielema's suggestion, all three agreements have used the word venue, not forum, and his reliance on *Simonoff*'s definition of "exclusive" is misplaced because that case involved the important word "in." 643 F.3d at 1206 n.3.

Finally, the Foundation has never conceded that the forum selection clause should be construed against it. Indeed, the Eighth Circuit has held that in cases involving forum selection clauses, the doctrine of *contra proferentem* should not be applied where, as here, the parties are of "relatively equal bargaining strength[]" and the non-drafting party was represented by counsel. *Terra Int'l, Inc.*, 119 F.3d at 692. Moreover, the doctrine does not apply when the question may be resolved in light of facts developed via extrinsic evidence, as it can be here. *See Penford Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 662 F.3d 497, 505 (8th Cir. 2011). Finally, there is a bargained-for provision prohibiting application of this doctrine. Therefore, the Court should decide any ambiguity based on the ordinary rules of construction and extrinsic evidence.

### III.    The Court Need Not Accept the Truth of Bielema's Contradictory Allegations

Not content simply to argue that the Foundation is not an arm of the state (which is an about-face from the allegations in his original complaint), Bielema doubles down in his brief, arguing that the Foundation could never be an arm of the state, which begs the question – why did he so allege in the first instance? His own brief underscores the absurdity of his original position. As a result, the Court is not required to accept the truth of his new allegations because they directly contradict his previous allegations. *Bradley v. Chiron Corp.*, 136 F.3d 1317, 1324 (Fed. Cir. 1998).

WHEREFORE, the Foundation hereby requests that Plaintiff's Amended Complaint be dismissed and that the Court grant it any other relief to which it is entitled.

Respectfully submitted,

Marshall S. Ney, AR91108
Robert W. George, AR98134
Katherine C. Campbell, AR2013241
Blake Z. Brizzolara, AR2017229
FRIDAY, ELDREDGE & CLARK, LLP
3350 S. Pinnacle Hills Parkway, Suite 301
Rogers, AR  72758
Office:          (479) 695-6049
Facsimile:      (501) 244-5389
mney@fridayfirm.com

By:    */s/ Marshall S. Ney*
          Marshall S. Ney, AR Bar 91108

## <u>CERTIFICATE OF SERVICE</u>

   I, Marshall S. Ney, do hereby certify that the foregoing is being electronically filed with the Court and that the below listed persons will receive a copy of the foregoing via the Court's electronic notification system (ECF), on or about this 10th day of August, 2020:

  Thomas A. Mars
  <u>tom@mars-law.com</u>

  R. Craig Wood
  <u>cwood@mcguirewoods.com</u>

  Benjamin P. Abel
  <u>babel@mcguirewoods.com</u>

  John C. Everett
  <u>john@everettfirm.com</u>

  John E. Tull, III
  <u>jtull@qgtlaw.com</u>

  Ryan K. Culpepper
  <u>ryan@theculpepperfirm.com</u>

       <u>*/s/ Marshall S. Ney*      </u>
       Marshall S. Ney