IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | | |
|---|---|---|
| **BRET A. BIELEMA** | | **PLAINTIFF** |
| v. | 5:20-cv-05104-PKH | |
| **THE RAZORBACK FOUNDATION, INC.** | | **DEFENDANT** |

| | | |
|---|---|---|
| **THE RAZORBACK FOUNDATION, INC.** | | **COUNTER-PLAINTIFF** |
| V. | | |
| **BRET A. BIELEMA and** <br> **NEIL CORNRICH** | | **COUNTER-DEFENDANTS** |

## RULE 26(f) REPORT

Defendant/Counter-Plaintiff The Razorback Foundation, Inc. (the "Foundation"), through its attorneys, submits the following Rule 26(f) Report:

**1.    Preliminary Statement.**  At 1:11 p.m. today, the Foundation received notice that Bielema was unwilling to submit a Joint Report. The Foundation had submitted a draft Joint Report to Bielema's counsel last week and has invited comments and separate position sections since that time, anticipating that a Joint Report would be filed with agreements recited, where possible, and disagreements highlighted where necessary. Because Bielema has rejected that process, the Foundation offers this separate Report.

**2.    Statement of the Case.**  The issues in this case are straightforward. Bielema is not owed another $7 Million under the terms of the Release and Waiver Agreement ("Release Agreement") he entered into with the Foundation following his termination for convenience by the University of Arkansas on November 24, 2017. To the contrary, Bielema should be ordered to

1

repay the $4.5 Million he already received from the Foundation because he fraudulently induced and then materially breached the terms of the Release Agreement.

The promises each party made in the Release Agreement are neither nuanced nor complicated as Bielema now claims. The Foundation promised to pay Bielema a six-figure monthly amount for a period of time in exchange for Bielema's promise and equally demanding obligation to diligently seek and obtain other employment in fulfillment of an express and affirmative duty of mitigation as well as to use his best efforts to maximize his earnings to offset the Foundation's payments in whole or in part.

The Foundation honored it promises to Bielema each month for fourteen consecutive (14) months before realizing in early 2019 that Bielema had not only failed to attempt to mitigate the Foundation's liability, but he had actually signed a contract with another party prohibiting him from doing so. Through its Counterclaim against Bielema, the Foundation seeks a declaration that its performance of the terms of the Release Agreement is legally excused as a result of Bielema's material contractual breaches. The Foundation further seeks to recover the $4.55 Million in payments that Bielema has wrongfully retained despite blatantly refusing to comply with the conditions attached to those payments in the Release Agreement.

The Foundation's Counterclaim also includes a cause of action for fraud against Bielema and his agent, Neil Cornrich ("Cornrich").[1] That claim is predicated upon representations made by those parties about their plans and intentions related to Bielema's employment during the buy-out period. Cornrich, acting as Bielema's agent, represented that Bielema would use his best efforts to immediately maximize his earning potential, thereby reducing, or even eliminating

---

[1] Cornrich was joined as a Counter-Defendant through the Foundation's counterclaim filed herein on September 3, 2020. He has not yet appeared in the action and, therefore, did not participate in the Rule 26(f) conference.

entirely, the Foundation's payment obligations. Those best efforts were represented to include Bielema seeking a significant coaching job for the upcoming 2018 college football season. Those and other representations were false. Bielema did not seek a significant coaching job for the 2018 season. Instead, he went to work as a consultant, and eventually a special assistant, for one of Cornrich's other clients, New England Patriots Coach Bill Belichick, for a salary that was below the offset threshold Cornrich negotiated for Bielema in the Release Agreement. This was Bielema's and Cornrich's plan all along, including while they were making representations to the contrary to induce the Foundation to enter into the Release Agreement. Cornrich and Bielema represented that they intended to mitigate, if not eliminate, the Foundation's liability while setting into motion a plan designed to maximize that liability. For such fraudulent conduct, the Foundation seeks a judgment, jointly and severally, against Cornrich and Bielema for the $4.55 Million in compensation the Foundation paid under the Release Agreement, plus punitive damages, attorneys' fees and costs and expenses.

3. **Any changes in timing, form, or requirements of mandatory disclosures under Fed.R.Civ.P. 26 (a).** The Foundation has no objections to, and proposes no changes to, the form of or requirement for disclosures under Rule 26(a)(1).

4. **Date when mandatory disclosures were or will be made.** Initial disclosures will be made by the Foundation within fourteen (14) days of the filing of this report.

5. **Subjects on which discovery may be needed.** The only contractual obligation of the Foundation at issue in this case is the obligation, if not excused, to make payments to Bielema. The Foundation *admits* no payments were made to Bielema under the Release Agreement after January 2019. As such, the Foundation submits that discovery in this case should be limited to: (i) whether false representations were made by Bielema and Cornrich to induce the Foundation to

3

enter into the Release Agreement; (ii) the timing and circumstances giving rise to Bielema's employment since leaving the University of Arkansas; (iii) Bielema's efforts to find employment after leaving the University of Arkansas; (iv) Cornrich's efforts to find employment for Bielema after he left the University of Arkansas; (v) Cornrich's efforts on behalf of other clients seeking employment prior to and after Bielema's termination at the University of Arkansas; (vi) whether Bielema materially breached the terms of the Release Agreement thereby excusing the Foundation's obligation to make payments; and (vii) subjects relevant to Bielema's false light claim, including Bielema's reputation and conduct and Bielema's, Cornrich's, and their representatives' communications with media or others who communicated with the media. Discovery designed to attempt to find and/or to publicize any potentially embarrassing details related to families, personal relationships, careers, or reputations of individuals associated with the Foundation and/or who are not parties to this action, such as the University of Arkansas, Board of Trustee members, and University officials and employees, is improper and should not be permitted in this litigation. The parties currently are attempting to negotiate a stipulated protective order on these topics.

**6. Whether any party will likely be requested to disclose or produce information from electronic or computer-based media.** Some electronically stored information ("ESI") in the form of e-mails and text messages will need to be searched and produced in native form. The Foundation believes that these will not be complex searches and is prepared to confer with Bielema if any issues arise.

**7. Date by which discovery should be completed.** The standard deadlines set forth in the Initial Scheduling Order are acceptable to the Foundation and its counsel.

**8. Any needed changes in limitations imposed by the Federal Rules of Civil Procedure.** The Foundation does not seek to alter (increase or decrease) the maximum number of written discovery requests allowed by the Rules. Bielema's counsel expressed the view during the Rule 26(f) conference that thirty-five depositions or more will be necessary in this litigation. The Foundation disagrees.

**9. Any orders, e.g. protective orders, which should be entered.** As stated in Section 5, above, the parties are conferring on a possible stipulated protective order. If agreement cannot be reached, the Foundation anticipates filing a separate motion.

**10. Any objections to initial disclosures on the ground that mandatory disclosures are not appropriate in the circumstances of the action.** No. Regarding expert disclosures, the Foundation requests a deadline of 150 days prior to trial for initial expert disclosures under Rule 26(a)(2) and 120 days prior to trial for rebuttal expert disclosures.

**11. Any objections to the proposed trial date.** The proposed trial date and standard deadlines set forth in the Initial Scheduling Order are acceptable to the Foundation and its counsel. The Foundation estimates that 5-7 days will be necessary for the trial of this matter. It would be beneficial for the Court to hold a telephonic case management conference prior to issuance of a final scheduling order. The Foundation believes a duration of one hour would be sufficient for the case management conference.

**12. Proposed deadline for joining other parties and amending the pleadings.** The standard deadlines set forth in the Initial Scheduling Order are acceptable to the Foundation and its counsel.

**13. Proposed deadline for completing discovery. (Note: In the typical case, the deadline for completing discovery should be no later than sixty (60) days before trial.)** The

standard deadlines set forth in the Initial Scheduling Order are acceptable to the Foundation and its counsel.

14. **Proposed deadline for filing motions other than motions for class certification. (Note: In the typical case, the deadline for filing motions should be no later than sixty (60) days before trial.)** The standard deadlines set forth in the Initial Scheduling Order are acceptable to the Foundation and its counsel.

        Respectfully submitted,

        Marshall S. Ney, AR91108
        Robert W. George, AR98134
        Katherine C. Campbell, AR2013241
        Blake Z. Brizzolara, AR2017229
        FRIDAY, ELDREDGE & CLARK, LLP
        3350 S. Pinnacle Hills Parkway, Suite 301
        Rogers, AR  72758
        Office:      (479) 695-6049
        Facsimile:  (501) 244-5389
        mney@fridayfirm.com

By:   */s/ Katherine C. Campbell*
       Katherine C. Campbell, AR2013241

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I, Katherine C. Campbell, do hereby certify that the foregoing is being electronically filed with the Court and that the below listed persons will receive a copy of the foregoing via the Court's electronic notification system (ECF), on or about this 17th day of September, 2020:

Thomas A. Mars
tom@mars-law.com

R. Craig Wood
cwood@mcguirewoods.com

Benjamin P. Abel
babel@mcguirewoods.com

John C. Everett
john@everettfirm.com

John E. Tull, III
jtull@qgtlaw.com

Ryan K. Culpepper
ryan@theculpepperfirm.com

                                                */s/ Katherine C. Campbell*
                                                  Katherine C. Campbell

7
FEC\44844\0001\7905778.v1-9/17/20