IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

BRET A. BIELEMA                                                                           PLAINTIFF

v.                                    No. 5:20-cv-05104-PKH

THE RAZORBACK FOUNDATION, INC.                                               DEFENDANT

---

THE RAZORBACK FOUNDATION, INC.                                    COUNTER-PLAINTIFF

v.

BRET A. BIELEMA and
NEIL CORNRICH                                                                  COUNTER-DEFENDANTS

ANSWER OF NEIL CORNRICH TO COUNTERCLAIM

Comes the Defendant, NEIL CORNRICH, and for his Answer to Counterclaim, states:

1.  Paragraph 1 of the Counterclaim appears to be a statement not requiring an admission or denial by this Counter-Defendant.  To the extent it alleges or attempts to allege any claim or cause of action as against this Counter-Defendant, however, it is denied.  Pleading further, and with regard to the reference(s) to the Release Agreement contained in Paragraph 1, Counter-Defendant states that the content of such document speaks for itself.

2.  Paragraph 2 of the Counterclaim appears to be a summary of what Defendant/Counter-Plaintiff believe Exhibit A ("Release Statement") states.  To that

extent, Counter-Defendant again pleads such document speaks for itself.  Upon information and belief, he denies the allegation Plaintiff/Counter-Defendant, BRET A. BIELEMA, failed to comply with the terms of such document.

    3.    He denies Paragraphs 3, 4, 5, 6, 7, 8, 9 and 10 of the Counter-Claim to the extent they allege or attempt to allege any improper act or omission by him and, upon information and belief, denies the claims or allegations of improper acts or conduct by Plaintiff/Counter-Defendant, BRET A. BIELEMA, as have been set forth in such Paragraphs.  He specifically denies the allegations of fraud, fraudulent inducement, conspiracy, and breach of contract as have been set forth in those Paragraphs.

    4.    He admits Paragraphs 1, 2, and 3 of the Counterclaim set forth in the section entitled, "PARTIES, JURISDICTION, AND VENUE."

    5.    He admits Paragraph 7 of the Counterclaim set forth in the section entitled, "FACTUAL ALLEGATIONS."

    6.    He admits to being employed as "agent" for Plaintiff/Counter-Defendant, BRET A. BIELEMA.

    7.    He admits Paragraph 9 of the Counterclaim.

    8.    He admits the existence of a Release Agreement attached as Exhibit A, but again states the content of such speaks for itself.

    9.    Paragraphs 11, 12, 13, 14, 15, 16,17, and 18 of the Counterclaim

appear to be a summary of what Defendant/Counter-Plaintiff believe Exhibit A ("Release Statement") states.  To that extent, Counter-Defendant again pleads such document speaks for itself.  Upon information and belief, he denies the claims or allegations of fraud, breach of contract, and other wrong doing by Plaintiff/Counter-Defendant, BRET A. BIELEMA, and specifically denies all related claims or causes of action as have been asserted against him in those Paragraphs.

10. He denies Paragraphs 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, and 36 of the Counterclaim to the extent they allege or attempt to allege any improper acts or omissions by him, and specifically denies all allegations of fraud, fraudulent inducement, conspiracy, and breach of contract as are set forth in those Paragraphs.

11. With regard to Paragraph 37 of the Counterclaim, he again admits to being employed as "agent" for Plaintiff/Counter-Defendant, BRET A. BIELEMA, but is without knowledge or information sufficient to form a belief as to the application of the phrase, "at all relevant times," as such is used in that Paragraph.

12. He generally admits to representation of Plaintiff/Counter-Defendant, BRET A. BIELEMA, and further admits to representation of Bill Belichick as set forth in Paragraphs 38, 39, and 40 of the Counterclaim, but denies such Paragraphs to the extent they allege or attempt to allege any improper acts or omissions by him.

13. He denies Paragraphs 41, 42, 43, 44, 45, 46, and 47 of the

Counterclaim to the extent they allege or attempt to allege any improper acts or omissions by him, and specifically denies all allegations of fraud, fraudulent inducement, conspiracy, and breach of contract as are set forth in those Paragraphs.

14.     He admits to the issuance of a document claiming to notify Plaintiff/Counter-Defendant, BRET A. BIELEMA, of his alleged failure to comply with the terms of the Release Agreement attached as Exhibit A to the Answer and Counterclaim of Defendant/Counter-Plaintiff.  Upon information and belief, however, he denies Plaintiff/Counter-Defendant, BRET A. BIELEMA, breached such agreement as referenced in Paragraph 48 of the Counterclaim and further denies all claims of wrongdoing alleged as to him.

15.     He denies Paragraphs 49, 50, 51, and 52 of the Counterclaim to the extent such allege or attempt to allege any improper acts or omissions by him.  Upon information and belief, he further denies such Paragraphs to the extent they allege any improper acts or omissions by Plaintiff/Counter-Defendant, BRET A. BIELEMA.

16.     To the extent Paragraph 53 of the Counterclaim incorporates claims or allegations denied elsewhere in this Answer, that Paragraph is denied.

17.     He again admits the existence of the Release Agreement as referred to in Paragraphs 54, 55, 56, 57, and 58 of the Counterclaim and states the content of that document speaks for itself.  Further, Paragraphs 54, 55, 56, 57, and 58 appear to be directed to Plaintiff/Counter-Defendant, BRET A. BIELEMA, and do not require an

admission or denial by him, but, to the extent they allege or attempt to allege any improper act or omission by him, they are denied.  Upon information and belief, he denies the Defendant/Counter-Plaintiff has complied with and otherwise performed all obligations of the Release Agreement.

18.     To the extent Paragraph 59 of the Counterclaim incorporates claims or allegations denied elsewhere in this Answer, that Paragraph is denied.

19.     He again admits the existence of the Release Agreement as referred to in Paragraphs 59, 60, 61, 62, 63, and 64 of the Counterclaim and states the content of that document speaks for itself.  Further, Paragraphs 59, 60, 61, 62, 63, and 64 of the Counterclaim appear to be directed to Plaintiff/Counter-Defendant, BRET A. BIELEMA, and do not require an admission or denial by him.  To the extent they allege or attempt to allege any improper act or omission by him, however, they are denied.  Upon information and belief, he further denies the Defendant/Counter-Plaintiff has complied with or otherwise performed all obligations of the Release Agreement.

20.     To the extent Paragraph 65 of the Counterclaim incorporates claims or allegations denied elsewhere in this Answer, that Paragraph is denied.

21.     He again admits the existence of the Release Agreement as referred to in Paragraphs 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, and 78 of the Counterclaim and states the content of that document speaks for itself.  He denies such Paragraphs

to the extent they allege or attempt to allege any improper acts or omissions by him. Upon information and belief, he further denies those Paragraphs to the extent they allege any improper acts or omissions by Plaintiff/Counter-Defendant, BRET A. BIELEMA.

22. To the extent Paragraph 79 of the Counterclaim incorporates claims or allegations denied elsewhere in this Answer, that Paragraph is denied.

23. Paragraphs 80 and 81 of the Counterclaim appear to be statements not requiring an admission or denial by him, but to the extent they allege or attempt to allege any improper act or omission by him, they are denied.

24. He denies Paragraphs 82, 83, and 84 of the Counterclaim to the extent they allege any improper act or omission by him and, upon information and belief, by Plaintiff/Counter-Defendant, BRET A. BIELEMA.

25. He denies Paragraph 85 of the Counterclaim.

26. He denies all material allegations regarding any claim, cause of action, or element of damages set forth in the Counterclaim not specifically admitted to in this Answer. Pleading further, and in the affirmative, he states:

    (a) Process was improper, inadequate, or insufficient;

    (b) Service of process was improper, inadequate, or insufficient;

    (c) Some or all of the claims asserted by Defendant/Counter-Plaintiff are barred by the doctrines of waiver, privity of contract, estoppel,

laches, and unclean hands;

(d)     The Counterclaim fails to set forth facts sufficient to form a claim or cause of action upon which punitive damages might be granted; and

(e)     He adopts and incorporates all affirmative defenses set forth in the Answer of Plaintiff/Counter-Defendant, BRET BIELEMA, to the Counterclaim.

27.     He requests trial by jury.

RICHARD N. WATTS (82174)
WATTS, DONOVAN, TILLEY & CARSON, P.A.
2120 RIVERFRONT DR, STE 275
LITTLE ROCK AR  72202-1436
(501) 372-1406
(501) 372-1209 FAX
richard.watts@wdtc.law

*Attorney for Neil Cornrich*