IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| **BRET A. BIELEMA** | **PLAINTIFF** |
| v. | 5:20-cv-05104-PKH |
| **THE RAZORBACK FOUNDATION, INC.** | **DEFENDANT** |
| **THE RAZORBACK FOUNDATION, INC.** | **COUNTER-PLAINTIFF** |
| V. | |
| **BRET A. BIELEMA and NEIL CORNRICH** | **COUNTER-DEFENDANTS** |

**DEFENDANT/COUNTER-PLAINTIFF'S
BRIEF IN SUPPORT OF MOTION TO COMPEL**

Defendant/Counter-Plaintiff, The Razorback Foundation, Inc. (the "**Foundation**"), by its attorneys, submits the following Brief in Support of its Motion to Compel Plaintiff Bret Bielema to provide full and complete responses to The Razorback Foundation, Inc.'s First Set of Interrogatories and First and Second Request for Production of Documents. Pursuant to Fed. R. Civ. P. 37(a)(1), Local Rule 7.2(g,) and the Court's Final Scheduling Order, counsel for the Foundation certifies that it has made a good-faith effort to reach a resolution with Bielema before filing this Motion.

**I.     INTRODUCTION**

As of the date of this filing, Bielema has not produced a single document in discovery. He did not produce any documents with his initial disclosures. And now 53 days after discovery requests were served on him and six months after filing his Complaint, he still has not produced any documents. The requested documents are critical to proving the Foundation's claims, and with a discovery deadline three months away, Bielema's delay tactics cannot be tolerated.

## II. BACKGROUND

### A. Factual Background

The Foundation and Bielema entered into the Release and Waiver Agreement (the "Release Agreement") on January 30, 2018, under which the Foundation agreed to provide buyout payments to Bielema and Bielema agreed to mitigate the Foundation's liability by using his best efforts to find other employment where he would maximize his earning potential. When Bielema failed to satisfy his mitigation obligations, the Foundation was relieved of its obligations under the Release Agreement and ceased making the buyout payments.

Nearly six months ago, Bielema filed this action against the Foundation, asserting that the Foundation had breached the Release Agreement. On September 3, 2020, the Foundation filed a Counterclaim against Bielema and Cornrich claiming that Bielema breached his mitigation obligations under the Release Agreement and Bielema and Cornrich fraudulently induced the Foundation to enter into the Release Agreement by falsely representing that the "plan" was to rehabilitate Bielema with the Patriots for a short time and then get him a major coaching position that would eliminate the Foundation's buyout obligations.

On September 18, 2020, the Court entered a Final Scheduling Order setting a discovery cut-off of March 2, 2021, and a trial date of June 1, 2021. Doc. No. 40. On October 1, 2020, the Foundation served its First Set of Interrogatories and Request for Production of Documents on Bielema. *See* Exhibit A. On October 6, 2020, the Foundation served its Second Request for Production of Documents, requesting all documents referenced in Bielema's initial disclosures because no such documents were provided. *See* Exhibit B. Bielema requested, and the Foundation agreed to, a two-week extension. On November 16, 2020, Bielema served objections and responses to the Foundation's discovery requests. *See* Exhibit C. In an email that same day,

counsel for Bielema represented that he would be producing documents and requested a link to upload such documents. *See* Exhibit D. The requested link was provided the next day. *See* Exhibit E. Yet, as of the date of this filing, nearly two months after the discovery was served and six months after Bielema filed this action, Bielema (i) has not produced a single document and (ii) has failed to provide complete responses to the Foundation's Interrogatory Nos. 1, 7, 11, 13, 14, 16, 17, and 18.

### B.  Efforts to Meet and Confer

On November 17, 2020, the Foundation sent a letter to Bielema detailing the deficiencies in his discovery responses and requesting complete responses by November 23, 2020. *See* Exhibit F. On November 19, 2020, Bielema's counsel sent a letter in which he conceded there were deficiencies in the discovery responses but stating that he could not guarantee when those deficiencies would be resolved. *See* Exhibit G. Indeed, on November 22, 2020, Bielema's counsel stated that he would not be able to cure the deficiencies in the discovery responses by November 23, as requested. *See* Exhibit H. On November 23, 2020, counsel for the Foundation and counsel for Bielema conferred by telephone. Counsel for Bielema represented that he could not provide a definite timeline for producing documents and was not confident that he would even be able to begin producing documents the week of November 23.

As set forth above, the Foundation has made a good-faith effort to resolve this dispute without the need for Court intervention. However, because Bielema has failed to provide complete discovery responses by the requested date, and cannot provide a time certain for doing so, Court intervention is necessary.

### III. LAW & ARGUMENT

#### A. Legal Standard

When an opposing party fails to answer an interrogatory or respond to a request for production of documents, "a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a); *see also Keaton v. Prop. & Cas. Ins. Co. of Hartford*, No. 4:07-CV-634-BSM, 2008 WL 2519790, at *3 (E.D. Ark. June 20, 2008) (granting a motion to compel where defendant refused to produce requested documents). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Discovery rules are to be given "a broad, liberal interpretation." *Morgan v. El Dorado Home Care Servs., LLC*, No. 1:16-CV-1007, 2016 WL 11477354, at *1 (W.D. Ark. Nov. 4, 2016) (quoting *Edgar v. Finley*, 312 F.2d 533, 535 (8th Cir. 1963). "The scope of discovery is not limited to the issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues. Nor is the scope of discovery limited to the merits of a case, for a variety of fact-oriented issues may arise during litigation that are not related to the merits." *Keaton*, 2008 WL 2519790, at *1.

#### B. Bielema's Responses to the Foundation's Request for Documents Are Deficient

The deficiencies in Bielema's responses to the Foundation's document requests are indisputable. He has not produced a single document in the nearly six months since he filed his Complaint. He claims to have collected these documents but is inexplicably holding onto them. For example, in his November 16 email, he asked for a Dropbox link. The Foundation provided a link the next day. In his November 19 email, he says he will proceed with producing responsive documents. Yet days later, he still has not produced any documents. In his call with the Foundation's counsel on November 23, he stated that he has the documents, but represented that

the delay was the result of his efforts to collect and review documents from Neil Cornrich and third-party subpoena recipients. Bielema has an independent obligation to produce documents of his own and cannot postpone his discovery obligations while he waits to preview the documents for other parties or third-party witnesses.

To the extent Bielema is withholding documents on the basis of privilege, he has failed to produce a privilege log as set forth in more detail below. And to the extent, Bielema's failure to produce document is the result of confidentiality concerns, he cannot use that as an excuse. *See, e.g.*, RFP Nos. 15-17, 23, 30, 31, & 33. As reflected in the parties' Rule 26(f) reports, the Foundation proposed a protective order in early September, but Bielema refused to agree to the protective order stating there was no need for such an order. The Foundation is, and has been, agreeable to a protective order and is working with Bielema's counsel to negotiate the terms of a protective order. The Foundation has offered to treat all documents as "Attorneys' Eyes Only" until a protective order is entered. Bielema cannot have it both ways. He cannot deny the need for a protective order for months and then use the need for a protective order to avoid producing responsive documents. Thus, Bielema should be required to produce all responsive documents immediately.

Additionally, in response to numerous document requests, Bielema raises objections but does not state to what extent he is withholding documents based on the objections. *See, e.g.*, RFP Nos. 8, 11, 15-18, 21, 25, 26, 35, 38, & 43. These responses make it impossible to determine what is being withheld based on the objections, and the objections therefore violate Fed. R. Civ. P. 34(b)(2)(C). Moreover, it is not sufficient to state that the request is burdensome, improper, or not relevant, as Bielema does in response to RFP Nos. 8, 11, 21, 25, 26, 35, and 43. Pursuant to Local Rule 33.1, the grounds for the objection must be stated with particularity. Finally, Bielema

objects to five documents requests as being "contention-type documents request[s]." *See, e.g.*, RFP Nos. 11, 21, 25, 26, & 35. But that is not a proper objection, and Bielema cannot withhold responsive documents on the basis of this objection. *See* Fed. R. Civ. P. 33(a)(2) ("An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact."); *see also Unified Sch. Dist. 467 v. Gray Architects, LLC*, No. 14-1025-KHV, 2016 WL 2727281, at *2 (D. Kan. May 6, 2016) (distinguishing contention interrogatories from document productions).

In sum, Bielema has not produced a privilege log and has not asserted any valid objections to the Foundation's document requests. Bielema should be ordered to produce all responsive documents immediately. Because Bielema's counsel has represented that he has already collected and reviewed these documents, Bielema should be ordered to produce these documents as soon as possible.

### C. Bielema's Responses to the Foundation's Interrogatories Are Deficient

Several of Bielema's interrogatory responses are deficient and must be supplemented.

In response to Interrogatory No. 1, Bielema's answer fails to provide contact information for the persons identified. Bielema's answer also fails to provide the subject(s) about which the persons are knowledgeable. Fed. R. Civ. P. 26(a)(1)(A)(i) specifically contemplates providing the subject of discoverable information that individuals will have.

In response to Interrogatory No. 7, Bielema fails to identify the requested oral communications.

In response to Interrogatory No. 11, Bielema responds that representatives from seven colleges contacted Bielema and that he was interviewed by the Athletic Directors at Rutgers and Colorado. However, Bielema does not provide the names of the individuals at each institution as

requested.  Bielema also indicates that the response to this interrogatory is incomplete because certain communications are subject to a separate confidentiality agreement, yet Bielema has failed to provide any information about the third party, the other protective order, or the efforts he has taken to date to negotiate with that entity to produce the requested information.

In response to Interrogatory No. 13, Bielema fails to identify the requested oral communications.

In response to Interrogatory No. 14, Bielema identifies "every Athletic Director and DI head coach in college football" as persons with knowledge but fails to identify each person so identified by name and address, as requested in the Foundation's Definitions and Instructions.

In response to Interrogatory Nos. 16 and 18, Bielema fails to provide any response and objects on privilege and other grounds.  It is hard to fathom how communications with reporters and the press are privileged, but even if they were, Bielema fails to provide a privilege log.  He also does not state the grounds for any other objections with particularity.  *See* Local Rule 33.1.

In response to Interrogatory No. 17, Bielema fails to state a dollar amount associated with each category of damages and fails to state persons with knowledge of such damages as requested.

### D.  Bielema Has Failed to Produce a Privilege Log

Bielema's discovery responses state that he is withholding certain documents on the basis of privilege.  *See, e.g.*, RFP Nos., 1, 2, 3, 5, 6, 7, 9, 10, 12, 27, & 40.  For example, in response to RFP Nos. 27 & 40, Bielema objects to producing communications with third parties on the basis of privilege.  The Foundation requested a privilege log of all communications with third parties for which Bielema is asserting a claim of privilege.  To date, no privilege log has been provided. *See Smith v. BNSF Ry. Co.*, No. 3:18-CV-00058-KGB, 2019 WL 4565055, at *5 (E.D. Ark. Sept. 19, 2019) (ordering defendant to produce privilege log when defendant refused to produce

7

otherwise responsive documents on the basis of privilege); *see also Keaton*, 2008 WL 2519790, at *3 (ordering production of documents where no privilege log was produced).

A timely privilege log is of utmost importance in this case where privilege is being asserted as to third parties. Bielema cannot assert that his mitigation efforts were through communications with sportswriters (see response to Interrogatory No. 11) but then claim privilege as to those same communications. If Court intervention is required to determine the propriety of such claims of privilege, the Foundation will need to seek relief soon so that it can subpoena and depose those third parties before the discovery deadline which is closing in.

### IV.     CONCLUSION

Although the Foundation has conferred in good faith with Bielema in an effort to resolve this matter, the parties have been unable to reach an agreement. Accordingly, pursuant to Rule 37(a), the Foundation requests that this Court compel Bielema to provide full and complete responses to the Foundation's First and Second Request for Production of Documents and First Set of Interrogatories. In addition, the Foundation is entitled to reimbursement of its attorneys' fees and related expenses associated with the filing of this Motion. *See* Fed. R. Civ. P. 37(a)(5).

WHEREFORE, the Foundation respectfully requests that this Court order Bielema to provide full and complete responses to the Foundation's First and Second Request for Production of Documents and First Set of Interrogatories, that the Foundation receive an award of its reasonable attorneys' fees and costs associated with the filing of this Motion, and that the Court grant such other and further relief as it deems proper.

Respectfully submitted,

Marshall S. Ney, AR91108
Robert W. George, AR98134
Katherine C. Campbell, AR2013241
Blake Z. Brizzolara, AR2017229
FRIDAY, ELDREDGE & CLARK, LLP
3350 S. Pinnacle Hills Parkway, Suite 301
Rogers, AR  72758
Office:  (479) 695-6049
Facsimile:  (501) 244-5389
mney@fridayfirm.com

By:  */s/ Marshall S. Ney*
     Marshall S. Ney, AR Bar 91108

FEC/44844.0001/8163130.1-11/23/20

## CERTIFICATE OF SERVICE

I, Marshall S. Ney, do hereby certify that the foregoing is being electronically filed with the Court and that the below listed persons will receive a copy of the foregoing via the Court's electronic notification system (ECF), on or about this 23rd day of November, 2020:

Thomas A. Mars
tom@mars-law.com

R. Craig Wood
cwood@mcguirewoods.com

Benjamin P. Abel
babel@mcguirewoods.com

John C. Everett
john@everettfirm.com

John E. Tull, III
jtull@qgtlaw.com

Ryan K. Culpepper
ryan@theculpepperfirm.com

Richard N. Watts
Richard.watts@wdtc.law

                                          */s/ Marshall S. Ney*
                                          Marshall S. Ney

FEC/44844.0001/8163130.1-11/23/20