IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

BRET BIELEMA.                                                    PLAINTIFF

vs.

THE RAZORBACK FOUNDATION, INC.                       DEFENDANT

Case No. 5:20-cv-05104-PKH

THE RAZORBACK FOUNDATION, INC.            COUNTER- PLAINTIFF

vs.

BRET BIELEMA and NEIL CORNRICH            COUNTER- DEFENDANTS

COACH BIELEMA'S RESPONSE TO
MOTION TO COMPEL

Plaintiff and Counter-Defendant Bret Bielema states the following through the undersigned

counsel:

1. On October 1, 2010, the Foundation served 18 interrogatories and 51 requests for

   production on Coach Bielema. № 50-1.

2. The same day, it sent discovery requests to Neil Cornrich, an attorney who acted as Coach

   Bielema's agent during the negotiation of the Final Buyout Agreement and has continued

   to represent him. **Exhibit 1**.

3. The requests to Coach Bielema that are directed to "You" or "Your" are defined to include

   any agent working on Coach Bielema's behalf. The requests served on Cornrich include a

   similar definition for Cornrich's agents. Many requests seek the same information and

   documents separately from both men.

1

4. Further, facts underlying the claims and defenses in this suit involve Cornrich's personal activities and communications on Coach Bielema's behalf.

5. Moreover, because Cornrich could be a "lawyer" under Ark. R. Civ. P. 502(a)(3), the Foundation's broad requests for his communications potentially implicated attorney-client privilege (with Coach Bielema or other Rule 502 "clients").

6. And among the Foundation's 51 requests for production are requests to produce every document within the broadest scope of discovery the federal courts might ever have allowed – "any documents . . . that have any relevance to any fact at issue in this case" and "all [nonprivileged] documents . . . that relate to the subject matter of this Action[,]" for example.  *№ 50-1* at 11.

7. The Foundation gave Coach Bielema's counsel a 14-day extension required by a still-unresolved medical emergency involving a member of counsel's immediate family.

8. Coach Bielema served responses and objections to the Foundation's First Set of Interrogatories and Requests for Production, and Second Set of Requests for Production, on November 16, the extended deadline.

9. However, counsel alerted the Foundation of delays producing documents required in part by delays receiving documents and information from Cornrich – whom the Foundation had granted a longer discovery extension, and NC Sports, Cornrich's employer, whom the Foundation had just subpoenaed – both of which included documents and information the Foundation's requests required Coach Bielema to give, but which Coach Bielema did not in fact have.

10. Coach Bielema's counsel offered to order production to prioritize and immediately produce information the Foundation needed, applying temporary Bates numbers if necessary. The Foundation did not respond.

11. On November 17, the Foundation sent a letter with a nonexclusive list of grievances with Coach Bielema's responses, asking "whether you will correct these deficiencies in full and provide complete responses and a privilege log by November 23." *№ 50-6* at 5. The specified deficiencies included:

    a.   That Coach Bielema stated in response to Interrogatory 13 that persons who knew Coach Bielema would not have been expected to get a DI head coach position immediately after termination by Arkansas included "every Athletic Director and DI head coach in college football" (the participants in the small market for those positions) but did not provide their names and addresses; and

    b.   That Coach Bielema did not identify all his oral communications with the New England Patriots – which the Foundation's request did limit by subject matter – in the 21 months he worked there.

12. On November 23, the Foundation filed its motion to compel and accompanying brief (collectively "Motion") seeking "full and complete responses" to those 70 discovery requests.

13. Coach Bielema has intended to respond broadly in discovery to avoid dispute and the need to seek intervention from the Court. Moreover, he has not yet served discovery requests himself. We respectfully submit, however, that Foundation did not confine its discovery requests to appropriate limits, and has inappropriately filed an undifferentiated motion to

compel complete responses to those 70 discovery requests without demonstrating that *any* request is relevant.

14. That is of particular concern because the Motion relies on *Keaton v. Property and Casualty Insurance Co.*, No 4:07-CV-634-BSM, 2008 U.S. Dist. LEXIS 122245 (E.D. Ark. June 20, 2008), an unpublished district court opinion that is notable only for erroneously reciting in 2008 the discovery standard from the pre-2000 version of Rule 26.

15. We respectfully ask the Court to take account of these facts as it determines whether the Foundation's formal and informal efforts to procure discovery have been in good faith, Fed. R. Civ. P. 37(a)(5) & -(d)(1)(B), whether the Foundation appropriately tailored its discovery requests and served them for a proper purpose, Fed. R. Civ. P. 26(b)(2)(c), -(g)(1)(B)(ii)-(iii) & -(g)(3), whether to exercise its discretion to protect the parties from harassment or undue expense, Fed. Rs. Civ. P. 26(c) & 37(a)(5), whether good cause exists to excuse any waived objection, *see* Fed. R. Civ. P. 33(b)(4), and whether and how to manage the conduct of discovery in this case going forward.

Wherefore, for the reasons stated above and in the accompanying Brief in support, which is incorporated herein as if set forth word for word, Coach Bielema respectfully requests that the Court deny the Foundation's Motion to Compel in whole or, alternatively, every appropriate part; exercise its discretion under the Federal Rules of Civil Procedure to confine discovery to the scope permitted by Rule 26(b)(1) and proportioned to the needs of this particular case; enter an order protecting Coach Bielema from the obligation to provide discovery outside that appropriate scope; and impose any appropriate sanction if it finds the Foundation's conduct inappropriate.

Respectfully submitted,

By: /s/ Thomas A. Mars
    Thomas A. Mars, AR Bar 86115
    MARS LAW FIRM, P.A.
    5500 Pinnacle Point Drive, Suite 202
    Rogers, AR 72758
    Phone: (479) 381-5535
    tom@mars-law.com


    John C. Everett, AR Bar 70022
    EVERETT LAW FIRM
    P.O. Box 1460
    12217 W. Hwy. 62
    Farmington, AR 72730-1460
    Phone: (479) 267-0292
    john@everettfirm.com


    John E. Tull III, AR Bar 84150
    QUATTLEBAUM, GROOMS & TULL PLLC
    111 Center St., Suite 1900
    Little Rock, AR 72201
    Phone: (501) 379-1705
    jtull@qgtlaw.com


    Ryan K. Culpepper, AR Bar 2012093
    CULPEPPER LAW FIRM, PLLC
    P.O. Box 70
    Hot Springs, AR 71902
    Phone: (501) 760-0500
    ryan@theculpepperfirm.com

R. Craig Wood
Benjamin P. Abel
   (*admitted pro hac vice*)

McGUIRE WOODS LLP
Court Square Building
652 Peter Jefferson Parkway, Suite 350
Charlottesville, VA 22911
Phone: (434) 977-2558
cwood@mcguirewoods.com
babel@mcguirewoods.com

**Counsel for Plaintiff/Counter-Defendant**
   **Bret Bielema**