IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| **BRET A. BIELEMA** | **PLAINTIFF** |
| v.  5:20-cv-05104-PKH | |
| **THE RAZORBACK FOUNDATION, INC.** | **DEFENDANT** |

| | |
|---|---|
| **THE RAZORBACK FOUNDATION, INC.** | **COUNTER-PLAINTIFF** |
| V. | |
| **BRET A. BIELEMA and NEIL CORNRICH** | **COUNTER-DEFENDANTS** |

## DEFENDANT'S MOTION FOR LEAVE TO FILE A REPLY IN SUPPORT OF ITS MOTION TO COMPEL

Defendant/Counter-Plaintiff, The Razorback Foundation, Inc. (the "Foundation"), by and through its attorneys, Friday, Eldredge & Clark, LLP, for its Motion for Leave to File a Reply in Support of its Motion to Compel, states as follows:

1. On November 23, 2020, the Foundation filed its Motion to Compel Plaintiff Bret Bielema to provide full and complete responses to the Foundation's First Set of Interrogatories and First and Second Request for Production of Documents and Brief in Support ("Motion") (Doc. Nos. 50 & 51).

2. Plaintiff filed an Opposition to the Motion and Brief in Support on December 7, 2020 (Doc. Nos. 52 & 53).

3. In his Opposition, Bielema asserts that the Foundation's discovery requests are "deliberately burdensome," "unreasonable," and "ill-conceived." Not only is the information requested well within the bounds of Rule 26, but it also is required for the Foundation to defend the claims against it and to pursue its claims against Bielema and Cornrich. For example, Bielema

1

pushes back on the Foundation's requests for details and documentation of communications with journalists. But Bielema has made these communications relevant by claiming that he honored his mitigation obligations under the Release Agreement by communicating with the press. *See* Bielema's Discovery Responses, Doc No. 50-3, Interrogatory No. 11 ("Coach Bielema and Neil Cornrich used their relationships with college football sportswriters and others to make clear Coach Bielema was very interested in obtaining a suitable collegiate head coach position."). Indeed, these are the nearly the only job-search activities that Bielema claims to have made. Further, these communications are relevant to Bielema's false light claim against the Foundation.

4. Bielema accuses the Foundation's counsel of refusing to make an effort to resolve the discovery dispute. Yet, at the same time, Bielema's counsel acknowledges that the Foundation's counsel (i) granted Bielema an extension of time to respond; (ii) sent a good-faith letter in an effort to resolve the dispute; and (iii) contacted Bielema's counsel by telephone after Bielema's counsel represented that he would not be able to provide complete responses and could not provide a date certain for doing so.

5. Bielema also raises objections regarding relevancy and burden that he failed to make in response to the discovery requests (or in response to the Foundation's November 17 good faith letter). For example, Bielema complains about the effort involved in searching for communications with journalists, but he did not object to those requests based on burden until now. *See* Doc. No. 50-3, Response to Interrogatory No. 16 & RFP No. 27.

6. Based on these baseless, and belated, arguments, Bielema asks the Court to impose sanctions against the Foundation (again), this time pursuant to Federal Rules of Civil Procedure 26 and 37. As the briefing amply demonstrates, the Foundation simply has attempted to hold

Bielema to the standards set forth in the Federal Rules and has engaged in no conduct warranting the imposition of sanctions.

7. The Foundation believes it is necessary to address the additional arguments raised by Bielema in order to clarify the Foundation's position. The Foundation also believes a Reply would assist the Court in making its determination on the pending issues raised in the Motion.

8. Accordingly, the Foundation requests leave to file a Reply in Support of its Motion, on or before December 14, 2020.

WHEREFORE, the Foundation prays that its Motion for Leave to File a Reply in Support of its Motion to Compel be granted and that the Court grant it any other relief to which it is entitled.

Respectfully submitted,

Marshall S. Ney, AR91108
Robert W. George, AR98134
Katherine C. Campbell, AR2013241
Blake Z. Brizzolara, AR2017229
FRIDAY, ELDREDGE & CLARK, LLP
3350 S. Pinnacle Hills Parkway, Suite 301
Rogers, AR  72758
Office:　　　(479) 695-6049
Facsimile:　 (501) 244-5389
mney@fridayfirm.com

By:　*/s/ Marshall S. Ney*
　　　Marshall S. Ney, AR Bar 91108

FEC/44844.0001/8191462.1-12/8/20

## CERTIFICATE OF SERVICE

I, Marshall S. Ney, do hereby certify that the foregoing is being electronically filed with the Court and that the below listed persons will receive a copy of the foregoing via the Court's electronic notification system (ECF), on or about this 8th day of December, 2020:

Thomas A. Mars
tom@mars-law.com

R. Craig Wood
cwood@mcguirewoods.com

Benjamin P. Abel
babel@mcguirewoods.com

John C. Everett
john@everettfirm.com

John E. Tull, III
jtull@qgtlaw.com

Ryan K. Culpepper
ryan@theculpepperfirm.com

Richard N. Watts
Richard.watts@wdtc.law

*/s/ Marshall S. Ney*
Marshall S. Ney