**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION**

**BRET A. BIELEMA**                                                         **PLAINTIFF**

**v.**                              **5:20-cv-05104-PKH**

**THE RAZORBACK FOUNDATION, INC.**                        **DEFENDANT/
                                                                    COUNTER-PLAINTIFF**

**V.**

**BRET A. BIELEMA and NEIL CORNRICH**              **COUNTER-DEFENDANTS**

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO COMPEL**

Defendant/Counter-Plaintiff, The Razorback Foundation, Inc. (the "**Foundation**"), by its

attorneys, for its Reply in Support of its Motion to Compel, states as follows:

Bielema does not dispute the key aspects of the Foundation's motion:

- He had not produced a single document until December 2 (62 days after discovery was served and only after the Foundation was forced to file a motion to compel to get such documents).

- As of the date of this filing, he has not supplemented his deficient interrogatory responses, even though he admits that there are deficiencies.

- He has not produced a privilege log despite withholding information on privilege grounds.

These facts alone justify the filing of the Motion. The Motion should therefore be granted.

Additionally, Bielema's attempt to seek sanctions against the Foundation for pursuing the

information to which it is entitled is baseless.

Bielema complains about the discovery requests generally, but he did not timely raise these

objections in response to the Foundation's discovery requests.[1]  For example, Bielema complains

---

[1]    To the extent Bielema requests that the Court excuse his waived objections pursuant to Rule 33(b)(4) (Doc No. 52 at 4), that request should be denied because Bielema has offered no reason, much less "good cause," for failing to raise the objections timely.

FEC\44844\0001\8196838.v1-12/10/20

about the number of requests.  But the Foundation's requests are within the scope allowed by the federal rules and were agreed by counsel during the Rule 26(f) conference.  And Bielema did not object on this basis.  Bielema also complains that the discovery requests included Cornrich (Bielema's agent) within their scope, but again Bielema did not object on that basis.  Bielema also now says the Foundation has not demonstrated that **any** discovery request is relevant (Doc No.  52 and 4).  But Bielema did not raise relevance objections to most of the discovery requests. Ultimately, Bielema's grievances do not change his obligation to respond to the requests.

## I.    LAW & ARGUMENT

### A.  Legal Standard

Parties may obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1).  It is well established that the "scope of discovery under Rule 26(b) is extremely broad." *Gowan v. Mid Century Ins. Co.*, 309 F.R.D. 503, 508 (D.S.D. 2015).  Relevancy "is to be broadly construed for discovery issues and is not limited to the precise issues set out in the pleadings. Relevancy encompasses any matter that could bear on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Brown v. Nationwide Affinity Ins. Co. of Am.*, 4:17-CV-04176-LLP, 2018 WL 3222511, at *5 (D.S.D. June 29, 2018).  The Foundation has more than demonstrated how its discovery requests bear on the parties' corresponding breach of contract claims, Bielema's false light claim, and the Foundation's fraud claim.

Bielema makes much of the changes to Rule 26(b)(1).  However, courts have explained that "the 2015 amendments do not alter the basic tenet that Rule 26 is to be liberally construed to permit broad discovery." *SI03, Inc. v. Musclegen Research, Inc*., No. 1:16-CV-274 RLW, 2020 WL 6544261, at *3 (E.D. Mo. Nov. 6, 2020).  Further, the amendment "does not place on the party seeking discovery the burden of addressing all proportionality concerns. Nor is the change

2

intended to permit the opposing party to refuse discovery simply by making a boilerplate objection that it is not proportional."  Fed. R. Civ. P. 26(b) advisory committee's note.

Because the Foundation has shown that its requests are relevant, Bielema must show his objections "are valid by providing specific explanations or factual support as to how each discovery request is improper." *SI03, Inc.*, 2020 WL 6544261, at *2 (citing *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1993)). The opposing party "must demonstrate that the requested documents either do not come within the broad scope of relevance defined pursuant to Rule 26(b)(1) or else are of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *Id.* (citation and quotation marks omitted).  Boilerplate objections, like the ones offered by Bielema, will not suffice.  *See Carboline Co. v. A-1 Indus. Maint., Inc.*, No. 4:19 CV 1721 CDP, 2020 WL 3605295, at *2 (E.D. Mo. July 2, 2020); Local Rule 33.1.

### B.  Bielema Produced Documents Only After the Motion to Compel

As of the date of this filing, Bielema has produced 2,590 pages of documents.  The majority of those documents were produced the week of December 7—two weeks after the Foundation filed its Motion.  In short, Bielema did not turn over a single document to the Foundation until the Foundation was forced to file its Motion.  That fact alone shows that the Motion was necessary.

Bielema agrees that he was tardy in producing documents.  Bielema blames the delay on three grounds, which he did not raise in his initial responses.  First, he attributes the delay to the number of requests, which was within the limits allowed by the rules.  He also blames the delay on the requests seeking Cornrich's documents, which was not the subject of an objection.  And even if true, this justification does not explain why Bielema did not produce his own documents in a timely fashion.  Many of the documents finally produced were from Bielema's counsel (and thus were in his possession the entire time) and another significant portion involved just Bielema.

3

Finally, and perhaps most shocking, Bielema blames the delay on his efforts to respond fully to every reasonable request (*i.e.*, to follow the rules).

Bielema points to RFP Nos. 3, 5, 6, & 7 as examples of requests being so unreasonable and burdensome that they show the Foundation made them for an improper purpose. Doc. No. 53 at 4-5. But, as Bielema concedes, he did not object to any of these requests on these grounds in his initial responses. *See* Doc. No. 53 at 7 ("Coach Bielema did not initially object to the breadth or particularity of those requests[.]"). And for good reason: these requests are well within the scope of Rule 26(b). Bielema makes no attempt to address the factors for determining whether requested information is proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). Importantly, these discovery requests involve a single individual (and his agent by extension). Unlike a corporate entity, there are not rows of computers to search or large file rooms to scour. Bielema utterly fails to show the burden he has faced in responding to these requests (*e.g.*, the time, resources, or effort involved in responding) because there is no such burden.

Bielema pushes back on the Foundation's requests related to communications with journalists. But Bielema made these communications relevant by claiming that he fulfilled his mitigation obligations under the Release Agreement almost exclusively by communicating with the press. *See* Bielema's Response to Interrogatory 11 (Doc No. 50-3). Further, these communications are relevant to Bielema's false light claim against the Foundation.

Bielema objects to RFP Nos. 11, 21, 25, 26, 35 on the grounds that they are "contention-style" requests. But that is not a valid objection. And Bielema did not object to any of these requests based on relevance, nor could he, as they all seek documents relating directly to the allegations in his Complaint. The Foundation seeks, and is entitled to, documents which form the basis of Bielema's claims. And the case upon which Bielema relies to object to these "contention"

4

document requests is inapposite.  There, the court declined to compel a "blockbuster" style request, seeking "any and all documents that . . . relate to the specific allegations and/or affirmations contained in Defendant's Answer and/or each of Defendant's Affirmative Defenses as contained in the Answer and Affirmative Defenses." *Lillard v. Univ. of Louisville*, 2014 WL 12725816, at *7 (W.D. Ky. Apr. 7, 2014).  The Foundation's requests here are much more targeted.

At this point, the Foundation is uncertain whether Bielema has produced all responsive documents.  Further, Bielema has not identified to what extent he is withholding documents based on objections as required under Fed. R. Civ. P. 34(b)(2)(C).  As such, at this time, the Foundation is unable to assess whether the deficiencies in Bielema's document production have been cured.

### C.  Bielema Has Not Provided Full and Complete Responses to Interrogatories

As of the date of this filing, Bielema has not corrected the deficiencies in any of the interrogatories even though he has conceded they are deficient.  In his most recent email to the Court, Bielema's counsel suggested that he did not begin to work on supplementing his responses to the Foundation's interrogatories until December 8—two weeks after the Foundation filed its Motion.  *See* Email from Tom Mars (Dec. 9, 2020), attached hereto as Exhibit I.

In his opposition, Bielema highlights what he believes to be the most egregious requests. First, he points to Interrogatory No. 13 as being an example of a request designed by the Foundation intentionally to be high burden, low value.  In his initial response to this request, he objected on the basis of breadth, but not burden.  He also did not propose to narrow the request to something he deems workable.  The relevance of the request is clear.  The Foundation has asserted a fraud claim against Bielema and Cornrich through an arrangement with the Patriots.  This interrogatory is designed as a companion to RFP No. 15, to target any oral agreements or arrangements that would support the fraud claim that would not appear in a document production.

Bielema also balks at the Foundation's request to identify every person with knowledge of his response to Interrogatory No. 14, but it is he who responded "every athletic Director and DI head coach in college football." Bielema likewise takes issue with Interrogatory No. 11, which asks for information regarding Bielema' job-search activities.  That is the very core of this dispute. Bielema objected on vagueness grounds, so the Foundation clarified that it sought information regarding all activities that Bielema contends were part of his efforts to mitigate under the Release Agreement.  This does not create a new request with a new response deadline, and Bielema provides no authority otherwise.

Bielema's interrogatory responses were due on November 16, and as of December 10, the Foundation is still waiting on complete responses. Bielema likewise has not provided a privilege log, although he represents that he is withholding documents on the basis of privilege.

### D.  Bielema's Request for Sanctions Is Unfounded

Bielema makes numerous unfounded accusations in an attempt to seek sanctions against the Foundation for exercising its right to seek discovery from Bielema.  Each is unwarranted.

Bielema accuses the Foundation of serving boilerplate requests for an improper purpose. The Foundation's requests were specifically targeted to the particular claims and defenses in this case.  By way of example, the Foundation seeks information regarding:

- Bielema's efforts to seek employment, job offers, and positions he has held, which all directly relate to the parties' corresponding breach-of-contract claims;
- Bielema's and/or his affiliates' communications with the press which bear directly on Bielema's false light claim against the Foundation and his damages claim; and
- Bielema's communications with the Patriots and his agent which related to the Foundation's fraud claim.

Bielema claims that the Foundation's efforts to procure discovery were not made in good faith.  It is Bielema who filed this lawsuit, and the Foundation is required to respond in turn. As such, the Foundation's discovery is not only proper, but it is expected.  Notably, Bielema is unable

to identify any discovery request in particular that "serve[s] no legitimate purpose" (Doc. No. 53 and 2). And he would be hard pressed to do so now after failing to object initially on relevance.

Bielema also accuses the Foundation of exploiting the principal-agent dynamic. Doc. No. 53 at 14. The agency relationship in this case is not a fact of the Foundation's making. To argue that the Foundation is using the agency relationship to *its* advantage ignores the core of this dispute. This case is about Bielema using his agent first to negotiate an agreement with the Foundation and second to create an arrangement where he could maximize his gains to the Foundation's detriment under that agreement. There is nothing improper about seeking discovery from/between two named parties, and that is especially true in these circumstances.

Finally, Bielema accuses the Foundation of "seeking a discovery fight, not discovery." Doc. No. 53 at 11. But he has no support for this hollow charge. The Foundation has worked in good faith to avoid and to resolve the discovery dispute. In his own brief, Bielema acknowledges that the Foundation's counsel (i) granted Bielema an extension; (ii) sent a good-faith letter in an effort to resolve the dispute; and (iii) contacted Bielema's counsel by telephone. On that call, Bielema's counsel represented that he would not be able to provide complete responses on the date requested, and he could not provide a date certain for doing so. Thus, the Foundation was left with no choice but to seek Court intervention.

### E.  The Court Should Award the Foundation Its Attorneys' Fees

Bielema admits that he provided the requested documents only after the Foundation filed its Motion and that, to date, he has failed to provide the requested information as it relates to the Foundation's interrogatories and privilege log. Therefore, the Court should award the Foundation its expenses and attorneys' fees incurred in filing the Motion. *See* Fed. R. Civ. P. 37(a)(5)(A).

Respectfully submitted,

Marshall S. Ney, AR91108
Robert W. George, AR98134
Katherine C. Campbell, AR2013241
Blake Z. Brizzolara, AR2017229
FRIDAY, ELDREDGE & CLARK, LLP
3350 S. Pinnacle Hills Parkway, Suite 301
Rogers, AR  72758
Office:        (479) 695-6049
Facsimile:     (501) 244-5389
mney@fridayfirm.com

By:    */s/ Katherine C. Campbell*
          Katherine C. Campbell

## <u>CERTIFICATE OF SERVICE</u>

I, Marshall S. Ney, do hereby certify that the foregoing is being electronically filed with the Court and that the below listed persons will receive a copy of the foregoing via the Court's electronic notification system (ECF), on or about this 10th day of December, 2020:

Thomas A. Mars
tom@mars-law.com

R. Craig Wood
cwood@mcguirewoods.com

Benjamin P. Abel
babel@mcguirewoods.com

John C. Everett
john@everettfirm.com

John E. Tull, III
jtull@qgtlaw.com

Ryan K. Culpepper
ryan@theculpepperfirm.com

Richard N. Watts
Richard.watts@wdtc.law

*/s/ Katherine C. Campbell*
Katherine C. Campbell
