IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**BRET A. BIELEMA**                                                    **PLAINTIFF**

v.

**THE RAZORBACK FOUNDATION, INC.**                    **DEFENDANT**

**5:20-cv-05104-PKH**

**THE RAZORBACK FOUNDATION, INC.**                    **COUNTER-PLAINTIFF**

v.

**BRET A. BIELEMA and**
**NEIL CORNRICH**                                                    **COUNTER-DEFENDANTS**

### COUNTER-DEFENDANTS' RESPONSE BRIEF IN OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO FILE A SUPPLEMENTAL RESPONSE TO JOINT MOTION FOR SANCTIONS UNDER SEAL

### STATEMENT OF POSITION

The Razorback Foundation, Inc. has sought permission from the Court to supplement its response to the Joint Motion for Sanctions ("Joint Motion") based on its assertion that has "received documents from the New England Patriots that directly contradict the assertions in the Motion for Sanctions." *Motion for Leave to File Supplemental Response to Joint Motion for Sanctions Under Seal*, ¶ 3. We do not agree with the Foundation's characterization of the documents produced by the NEP. Nor do we agree that these documents contradict anything that

was asserted in the Joint Motion. In short, there is no reason to reopen the briefing on the Joint Motion.

That said, if the Court is inclined to consider additional evidence regarding the merits of the Joint Motion, we do not object to the Foundation supplementing its response under seal at the appropriate time. However, we believe the Foundation's request is premature. As explained below, the Foundation's filing of a supplemental response at this time will inevitably lead to further requests by the parties to file supplemental briefs following depositions the Foundation intends to conduct in the coming weeks. If the Court is inclined to reopen the briefing on the Joint Motion, we request that the Court allow the parties to file supplemental papers once discovery is completed and defer ruling on the Joint Motion until that time.

## BACKGROUND

Beginning with the Demand Letter the Foundation sent to Bret Bielema on January 31, 2019 and continuing throughout this litigation, the Foundation has employed a strategy of "shoot first, ask questions later." The Foundation's mischaracterization of Barry Lunney's testimony without having talked with him is a perfect example. As the Court may recall, in response to the Joint Motion, the Foundation asserted that Mr. Lunney would testify he heard Bret Bielema say he was not interested in the head coach vacancy at Kansas State. After it was revealed that Mr. Lunney had never been interviewed by the Foundation's lawyers and had never claimed to have heard Bielema make such a statement, Bret Bielema swore under penalty of perjury that he had expressed his interest in the Kansas State job through Jerry Kill, a friend of his who had previously been an Associate AD at Kansas State. Mr. Kill subsequently confirmed that he had conveyed Bielema's interest in the job to Kansas State's athletics department. Considering that Coach Lunney's mischaracterized testimony was the only direct evidence the Foundation offered

to support its conspiracy and fraud claims, once the Joint Motion was fully briefed, the Foundation could not point to <u>any</u> direct evidence to justify having filed conspiracy and fraud claims against Bret Bielema and Neil Cornrich.[1]

After suffering the glitch with its key witness, the Foundation continued its practice of issuing subpoenas seeking documents – but no testimony – from virtually everyone who might have knowledge related to Bret Bielema's efforts to find other employment.  In part because the cover letter accompanying the subpoenas left the impression that it had been issued by Bret Bielema's counsel, a number of recipients of the Foundation's subpoenas contacted Bret Bielema's counsel by telephone. Through those conversations, we learned that the recipients of the Foundation's subpoenas were willing to provide the Foundation's counsel with whatever responsive documents they had. We were also told that whatever documents or first-hand knowledge these witnesses had just added further corroboration to what Bret Bielema has been saying for the past two years, *i.e.*, that he was always interested in returning to a head coach position at a DI school and went to great lengths to accomplish that goal. Interestingly, the recipients who contacted us had never been contacted by the Foundation's counsel, much less questioned about what they knew.

While obviously not the Foundation's intention, its sweeping use of subpoenas has resulted in even more first-hand corroboration of Bielema's position via statements and/or e-mails and text messages. Recipients of the Foundation's subpoenas who provided favorable statements and documents included two veteran members of collegiate sports search firms, a prominent college football television commentator, a veteran sportswriter who writes for a

---

[1] The Foundation did not deny that it never interviewed Barry Lunney. Instead, the Foundation told the Court it had relied on a hearsay statement by a third party who claimed to have heard Lunney make that statement months after the position at Kansas State had been filled.

national audience, and two college football coaches who are familiar with Bret Bielema's efforts to seek another head coach position at a DI university.

In response to a subpoena from the Foundation, on Friday, December 18, 2020, counsel for the Patriots sent an e-mail to all counsel of record offering to deliver via e-mail the documents that were responsive to a subpoena the Foundation had served. That offer was conditioned on the documents being treated as "attorney's eyes only" ("AEO") until the Court enters a Protective Order and counsel for the Patriots has the opportunity to designate some or all of the documents as "Protected Confidential Material." After counsel of record agreed to that condition, the Patriots delivered 458 pages of responsive documents.

On Tuesday, December 22, 2020, counsel for the Foundation sent a letter to Bret Bielema's counsel characterizing a half dozen documents as evidence that required the immediate withdrawal of the Joint Motion, the retraction of allegations in a particular paragraph of the Amended Complaint, and consent to an amendment to the Foundation's Counterclaim adding three new Counter-Defendants – an event that would inevitably delay the trial date and unfairly cause further reputational harm to innocent third parties.

It should suffice to say that our own interpretation of the six documents referenced in the Foundation's letter was vastly different than the Foundation's "spin" on the documents. The Foundation's interpretation of the documents did not align with any other known facts and, in our opinion, was just plain wrong. But even if the Foundation's interpretation was correct, there wasn't a letter, word, or sentence in any of the documents that justified the Foundation's allegations of conspiracy and fraud – the claims whose inadequate investigation is at issue in the Joint Motion.

On December 28, 2020, we delivered a seven-page letter to the Foundation's counsel explaining why we had come to the conclusion that the six documents had no bearing on the Joint Motion and provided no support for their conspiracy and fraud claims. The letter included clarifying context for certain e-mail conversations, the significance of which requires an understanding of industry practices regarding compensation. The letter also included a text message that corroborates our interpretation of those e-mails. In closing, we mentioned that we would be producing additional text messages between Bret Bielema and Neil Cornrich that were completely at odds with the Foundation's theory of the case.

With the benefit of the information in our seven-page letter, we expected the Foundation's counsel at least to pause and consider whether they had misconstrued the Patriots' documents and whether the additional text messages we had promised to send would shed further light on the facts of this case. Instead, forty-six minutes after receiving our seven-page letter and before we could upload the additional documents they were expecting to receive, the Foundation's counsel filed the pending motion.

## THE FOUNDATION'S MOTION IS PREMATURE

With rare exceptions that involve clear statements against interest or *de facto* confessions, e-mail communications standing alone don't prove anything without an accompanying witness. That is especially true where, as here, the e-mails require an understanding of industry practices and are susceptible to vastly different interpretations. Until further discovery is conducted – including depositions the Foundation intends to take this month – none of the parties can in good faith point to any documents produced by the Patriots and claim to know exactly what they mean or what significance, if any, they have to this case. For now, all the parties can do is offer competing speculations at opposite ends of the spectrum of possibilities.

Under these circumstances, briefing the meaning and importance of the six Patriots documents without additional information is likely to require re-briefing on the same topic once additional discovery is completed. We respectfully suggest that the more efficient and practical approach would be for the Foundation to ask questions before it jumps to any more conclusions.

## CONCLUSION

For the foregoing reasons, Bret Bielema and Neil Cornrich request that the Court deny the Foundation's motion for leave to file a supplemental response under seal. The Joint Motion is fully briefed and ready for the Court's consideration. In the alternative, if the Court is inclined to reopen the briefing on the Joint Motion, Bret Bielema and Neil Cornrich request that all parties be permitted to supplement their briefing and that the Court defer ruling on the Joint Motion until the completion of discovery and the filing of supplemental briefs.

Respectfully submitted,

By: /s/ Thomas A. Mars
  Thomas A. Mars, AR Bar 86115
  MARS LAW FIRM, P.A.
  5500 Pinnacle Point Drive, Suite 202
  Rogers, AR 72758
  Phone: (479) 381-5535
  tom@mars-law.com

  John C. Everett, AR Bar 70022
  EVERETT LAW FIRM
  P.O. Box 1460
  12217 W. Hwy. 62
  Farmington, AR 72730-1460
  Phone: (479) 267-0292
  john@everettfirm.com

  John E. Tull III, AR Bar 84150
  QUATTLEBAUM, GROOMS & TULL PLLC
  111 Center St., Suite 1900
  Little Rock, AR 72201
  Phone: (501) 379-1705
  jtull@qgtlaw.com

> Ryan K. Culpepper, AR Bar 2012093
> CULPEPPER LAW FIRM, PLLC
> P.O. Box 70
> Hot Springs, AR 71902
> Phone: (501) 760-0500
> ryan@theculpepperfirm.com
>
> R. Craig Wood
> Benjamin P. Abel
>   (*admitted pro hac vice*)
> McGUIRE WOODS LLP
> Court Square Building
> 652 Peter Jefferson Parkway, Suite 350
> Charlottesville, VA 22911
> Phone: (434) 977-2558
> cwood@mcguirewoods.com
> babel@mcguirewoods.com

*Counsel for Plaintiff/Counter-Defendant Bret Bielema*

> /s/ Richard N. Watts
> Richard N. Watts AR Bar 82174
> Watts, Donovan, Tilley & Carson, P.A.
> 2120 Riverfront Dr., Suite 275
> Little Rock, AR 72202
> Phone: (501) 372-1406
> richard.watts@wdtc.law

*Counsel for Counter-Defendant Neil Cornrich*