UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

BRET A. BIELEMA                                                                                      PLAINTIFF

v.

THE RAZORBACK FOUNDATION, INC.                                                      DEFENDANT

No. 5:20-CV-05104

THE RAZORBACK FOUNDATION, INC.                                              COUNTERPLAINTIFF

v.

BRET A. BIELEMA and NEIL CORNRICH                                        COUNTERDEFENDANTS

## PROTECTIVE ORDER

For good cause, the Court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Following motion practice and consultation with the parties, the Court has sua sponte determined that good cause exists to issue a protective order. During discovery both parties and nonparties to this litigation are likely to disclose information or produce documents that disclose information (or have already done so) that is typically kept confidential, and that, if freely disclosed to nonparties to this litigation, would cause annoyance or embarrassment to the disclosing or producing party or nonparty, or would result in competitive or commercial harm to the disclosing or producing party or nonparty. Good cause exists to prohibit unrestricted disclosure to nonparties to this litigation, and the Court therefore enters this protective order.

A party or nonparty disclosing or producing documents, electronically stored information, designated tangible things, or permitting entry onto land or property under its control, or disclosing other information discoverable in this action, may designate that disclosed or produced information

1

as subject to this protective order if the disclosed or produced information is included in one or more of the following categories:

- medical information typically kept confidential;

- financial or tax records typically kept confidential;

- personnel files and other employee or independent contractor information typically kept confidential;

- information or communications revealing information concerning the status of intimate family relationships with spouses, partners, children, or extended family, if that information is typically kept confidential;

- trade secrets protected under the laws of Arkansas or a jurisdiction in which the disclosing or producing party or nonparty maintains citizenship;

- confidential research, development, or commercial information the unprotected disclosure of which is likely to result in commercial or competitive harm;

- playbooks, game tape, roster or recruiting information, or other similar information typically not publicly disclosed by professional or collegiate football teams;

- information that is protected from disclosure by statute, regulation, or court order;

- information subject to a legally binding nondisclosure agreement; or

- any additional category that may be added by the Court.

A party or nonparty designating discoverable information as subject to this order may do so by stamping, marking, or otherwise clearly identifying the designated information as "Confidential," "Subject to Protective Order," or some other, similar designation.  Depositions or portions of a deposition may be designated confidential by indicating that fact on the record at the deposition or in writing no later than 30 days after receipt of the deposition transcript.  Whenever practicable, a court reporter producing a transcript of a deposition that includes designated information must identify the designated transcript or portion of a transcript as "Confidential," "Subject to Protective Order," or some other, similar designation.

The designating party or nonparty must identify the category or categories above in which

the designated information is included, and must identify or produce any law, regulation, order, or contract that is the basis for that inclusion. Wherever possible, a designating party or nonparty must strive to limit designations to discrete portions of discovery materials (e.g., particular pages or sentences, or a particular line of deposition questions and answers) rather than to an entire disclosure or production. Any information derived from designated information, and any materials prepared based in whole or in part on designated information, are also designated information subject to this protective order.

A party or nonparty may not designate a disclosure or production of information as subject to this protective order if that information may be subject to public disclosure under FOIA or similar laws or regulations, SEC or other regulatory agency-mandated disclosures, or as a result of another law, regulation, or order. Information that is already publicly known, or that becomes publicly known after disclosure or production resulting from activities, circumstances, or events in which no party or attorney appearing in this case (or anyone acting at their direction or on their behalf) directly or indirectly participates without legal compulsion, is not designated information subject to protection under this order, and may not be designated as subject to protection if the designating party or nonparty is aware of a prior public disclosure.

A party or nonparty receiving designated information may challenge the designation of that information as confidential and subject to this protective order. Any challenge must be made by written request to the designating party or nonparty, and must specifically identify the designated information challenged and the basis for the challenge. If the dispute cannot be resolved after conferring in good faith as required by the Court's scheduling order, the receiving party may move for appropriate relief, or the receiving nonparty may intervene and move for appropriate relief. Challenged designated information will remain subject to the protective order during the pendency

of any challenge, and if necessary during subsequent resolution of the challenge by the Court.

Designated information may be used by the receiving party, its attorneys, its employees or personnel, or anyone acting at its direction or on its behalf only for the purpose of prosecuting or defending claims in this action. In connection with such use, designated information may be disclosed to parties, attorneys for the parties and their associates and staff, experts retained by or assisting attorneys in connection with this case, witnesses offered by a party for deposition, nonparty witnesses subpoenaed for deposition, court reporters in connection with the taking of depositions or other transcription of designated information, and the Court and its personnel. Such disclosures must be limited only to the designated information necessary.

Except when disclosing designated information to the Court and its personnel, before making a subsequent disclosure of any designated information it has received, an attorney for the receiving party must first advise the person to whom the subsequent disclosure will be made that the disclosure is of designated information subject to this protective order and that it may not be used or disclosed by that person except as allowed by this order. The attorney for the receiving party will not disclose designated information unless the person to whom the subsequent disclosure will be made provides written agreement to be bound by the terms of this order and to submit to the Court's jurisdiction for purposes of enforcing this order. When disclosing designated information to a witness in deposition, the attorney for the receiving party will limit the disclosure only to that designated information necessary to address matters about which the receiving party anticipates the deponent will testify. Designated information may not be disclosed in a deposition unless the designating party or nonparty has received notice of the receiving party's intent to disclose at least 5 days prior to the deposition. No one may attend a deposition at which it is anticipated designated information will be disclosed except the deponent and those persons to

4

whom this order allows disclosure of designated information.

Designated information may not otherwise be disclosed except as allowed by the Court or by the designating party or nonparty.

Should the filing of designated information be necessary for the resolution of a motion or other issue pending before the Court, a party or nonparty who files designated information must do so electronically under seal, and the Clerk will maintain that filing with access restricted to the Court and parties.  Wherever practicable, designated information should be redacted prior to filing, with the redacted version of a filing docketed publicly and an unredacted version filed under seal.  Where electronic filing of designated information is impracticable, the party or nonparty who files the designated information should seek guidance from the Court prior to filing.

The use of designated information at trial is outside the scope of this protective order.  A party who wishes to offer designated information at trial must identify the designated information in its pretrial disclosures with sufficient particularity for the designating party or nonparty to identify the designated information to be offered into evidence.  If the designated information was produced or disclosed by a nonparty, pretrial disclosures must be served on that nonparty contemporaneously with service on other parties.  A party or nonparty who seeks to protect designated information from disclosure during trial must request that protection through a motion in limine, filed sufficiently early for the Court to accommodate the request if it is granted, and in any case no later than the deadline to file motions in limine.

A receiving party or nonparty who is thereafter served with a subpoena or ordered to produce designated information in another action or proceeding must notify the designating party or nonparty of the subpoena or order as soon as practicable before compliance is required, and shall not disclose the designated information before the date that compliance is mandated.

Following the final resolution of this litigation and any subsequent appeals, or the full performance of any settlement agreement that leads to the voluntary termination of this litigation, a disclosing party or nonparty may send a written request to a receiving party or nonparty to return or destroy designated information. Within 60 days of receipt of such a request, or some other period agreed to in writing, the receiving party or nonparty must return all designated information to the producing party or nonparty, or certify in writing that it has been destroyed, except that a receiving party or nonparty may retain work product and a list or inventory of designated information it received. If a receiving party or nonparty retains work product and a list or inventory of designated information it received, or if it is required by law, regulation, court order, professional obligation, or some other authority to retain designated information itself, the receiving party or nonparty's certification must identify any designated information retained and the basis for the retention. The receiving party must also provide in writing the identity and contact information of any person to whom designated information was subsequently disclosed.

This protective order will remain binding following the final resolution of this litigation and any subsequent appeals, or the full performance of any settlement agreement that leads to the voluntary termination of this litigation, and the Court will retain jurisdiction to enforce this protective order.

IT IS SO ORDERED this 14th day of January, 2021.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE