# Exhibit C

**From:** Nieh, Andrew <andrew.nieh@cbs.com>
**Sent:** Wednesday, November 25, 2020 12:15 PM
**To:** Marshall S. Ney <mney@fridayfirm.com>
**Subject:** Bret A. Bielema v. The Razorback Foundation, Inc. -- Subpoena to Non-Party Dennis Dodd

Dear Mr. Ney:

On or about November 13, 2020, you served a subpoena *duces tecum* (the "Subpoena"), issued out of the United States District Court for the Western District of Arkansas on behalf of The Razorback Foundation, Inc. (the "Foundation"), defendant/counter-plaintiff in the above-referenced action, on non-party Dennis Dodd.  Given Mr. Dodd's imminent deadline, we are serving you with the following objections under Rule 45 of the Federal Rules of Civil Procedure.

## A.      GENERAL OBJECTIONS

1.  Mr. Dodd objects to the Subpoena on the ground that service has not been properly effected upon Mr. Dodd pursuant to Rule 45(b) of the Federal Rules of Civil Procedure.  Specifically, Mr. Dodd was not personally served with the Subpoena.  The Subpoena in its entirety is procedurally defective and therefore invalid.  Furthermore, Mr. Dodd does not reside within 100 miles of 3350 S. Pinnacle Hills Pkwy., Rogers, Arkansas 72758, the place where documents are commanded to be produced.; the Subpoena is therefore also in violation of Rule 45(c)(2) of the Federal Rules of Civil Procedure.  Accordingly, Mr. Dodd has no obligation to further respond to or produce documents under the Subpoena.

2.  Mr. Dodd objects to the Subpoena on the ground that it seeks materials, sources or information relating to newsgathering activities protected from disclosure by news reporting or reporter's privileges under the First Amendment, Eight Circuit precedent, the Constitution of the State of Arkansas, and/or common law, as well as statutory privileges, including, but not limited to, Arkansas' shield law, Ark. Code Ann. § 16-85-510.

3.  Mr. Dodd objects to the Subpoena to the extent it seeks documents that are not in his possession, custody, and/or control.

4.  Mr. Dodd objects to the Subpoena to the extent that it is overly broad, unduly burdensome, vague and/or ambiguous, or seeks information that is neither relevant to the action nor proportional to the needs of the underlying case.  For example, Mr. Dodd objects to the Subpoena's use of the phrase "all" in requesting documents on a given subject .  A request for "all" documents is overly broad, unduly burdensome, inherently vague and imprecise, lacking in specificity, and cannot be reasonably responded to.

5.  Mr. Dodd objects to the Instructions and Definitions in the Subpoena to the extent they are overly broad, unduly burdensome, imprecise, and vague, or impose obligations exceeding those authorized or prescribed by the Federal Rules of Civil Procedure, Federal Rules of Evidence, or any applicable local rules.  Mr. Dodd further objects to the Instructions and Definitions to the extent they were not included in the Subpoena as served, particularly Instructions and Definitions Nos. 2, 3, and 4 which appear incomplete or are missing.

6.  Mr. Dodd objects to the time frame covered by the Subpoena.  Specifically, the Subpoena requires the production of documents in a time frame that is not relevant.  The Subpoena in its entirety is thus over broad and improper and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.

7.  Mr. Dodd objects to the Subpoena to the extent that it seeks the disclosure of confidential, proprietary, and/or sensitive business information or trade secrets, the disclosure of which would be harmful to Mr. Dodd or his employer and/or prohibited by contractual agreement.

8.  Mr. Dodd objects to the Subpoena to the extent that it seeks information that is publicly available, already in the Foundation's possession, custody, and/or control, or that is more appropriately sought from plaintiff/counter-defendant or other more relevant third parties.  Mr. Dodd further objects to the Subpoena to the extent that it seeks documents and information that may be obtained through alternative sources or through other means of discovery that are more efficient, less burdensome, and/or less expensive.

9.  Mr. Dodd objects to the Subpoena to the extent it seeks information that is protected by the attorney-client privilege, attorney work product privilege or other applicable privileges.

10. Mr. Dodd objects to the Subpoena in that it fails to provide a reasonable time for compliance in light of its overly burdensome and broad sweep.

11. Mr. Dodd objects to the Subpoena to the extent that it attempts to impose obligations exceeding those authorized or prescribed by the Federal Rules of Civil Procedure, Federal Rules of Evidence, or any applicable local or practice rules.

12. Mr. Dodd objects to the Subpoena to the extent it calls for the production of documents or information that exist in electronic form on back-up tapes or archives, or that are otherwise not reasonably accessible and would be unduly burdensome and expensive to identify and/or produce.

Mr. Dodd submits these objections without conceding the relevance or materiality of the subject matter of the information provided herein, and without waiving, and expressly preserving: (a) any objections as to the competency, relevance, materiality, privilege and admissibility of any documents; and (b) the right to object to other discovery requests involving or relating to the subject matter of the Subpoena responded to herein.  Furthermore, Mr. Dodd fully reserves his rights to supplement and/or amend these objections in the event that additional relevant facts are subsequently discovered and to file a motion to quash the Subpoena or for a protective

order.  Subject to and without waiving any of these General Objections, Mr. Dodd sets forth its specific objections and responses as follows:

## B.     SPECIFIC OBJECTIONS AND RESPONSES

Request No. 1:

All Communications and Contacts with Bret Bielema, or anyone acting on his behalf, between November 1, 2017 to present.

Response to Request No. 1:

For the reasons discussed above, the Subpoena in its entirety is invalid and improper.  Mr. Dodd further objects to this Request because it seeks materials, sources or information relating to newsgathering activities protected from disclosure by news reporting or reporter's privileges under the First Amendment, Eight Circuit precedent, the Constitution of the State of Arkansas, and/or common law, as well as statutory privileges, including, but not limited to, Arkansas' shield law, Ark. Code Ann. § 16-85-510.  Mr.  Dodd otherwise rests on his General Objections.

Request No. 2:

All Documents and Records regarding Bret Bielema created between November 1, 2017 to present.

Response to Request No. 2:

For the reasons discussed above, the Subpoena in its entirety is invalid and improper.  Mr. Dodd further objects to this Request because it seeks materials, sources or information relating to newsgathering activities protected from disclosure by news reporting or reporter's privileges under the First Amendment, Eight Circuit precedent, the Constitution of the State of Arkansas, and/or common law, as well as statutory privileges, including, but not limited to, Arkansas' shield law, Ark. Code Ann. § 16-85-510.  Mr.  Dodd otherwise rests on his General Objections.

Request No. 3:

All Communications and Contacts with Neil Cornrich regarding Bret Bielema between November 1, 2017 to present.

Response to Request No. 3:

For the reasons discussed above, the Subpoena in its entirety is invalid and improper.  Mr. Dodd further objects to this Request because it seeks materials, sources or information relating to newsgathering activities protected from disclosure by news reporting or reporter's privileges under the First Amendment, Eight Circuit precedent, the Constitution of the State of Arkansas,

and/or common law, as well as statutory privileges, including, but not limited to, Arkansas' shield law, Ark. Code Ann. § 16-85-510.  Mr.  Dodd otherwise rests on his General Objections.

Request No. 4:

All Communications and Contacts with Tom Mars between November 1, 2017 to present.

Response to Request No. 4:

For the reasons discussed above, the Subpoena in its entirety is invalid and improper.  Mr. Dodd further objects to this Request because it seeks materials, sources or information relating to newsgathering activities protected from disclosure by news reporting or reporter's privileges under the First Amendment, Eight Circuit precedent, the Constitution of the State of Arkansas, and/or common law, as well as statutory privileges, including, but not limited to, Arkansas' shield law, Ark. Code Ann. § 16-85-510.  Mr.  Dodd otherwise rests on his General Objections.

Request No. 5:

All Communications, Contacts, Documents, and Records pertaining to or relating to your article titled "Bret Bielema is enjoying the NFL so much, he may never go back to college football" published by CBSSPORTS.COM on July 13, 2018.

Response to Request No. 5:

For the reasons discussed above, the Subpoena in its entirety is invalid and improper.  Mr. Dodd further objects to this Request because it seeks materials, sources or information relating to newsgathering activities protected from disclosure by news reporting or reporter's privileges under the First Amendment, Eight Circuit precedent, the Constitution of the State of Arkansas, and/or common law, as well as statutory privileges, including, but not limited to, Arkansas' shield law, Ark. Code Ann. § 16-85-510.  Mr.  Dodd otherwise rests on his General Objections.

Best,

**Andrew Nieh**
Vice President & Assistant General Counsel, Litigation
ViacomCBS Inc.
51 W. 52nd Street

New York, New York 10019
O: (212) 975-4239