# Exhibit D



Marshall S. Ney | Partner
Direct: (479) 695-6049
Fax: (501) 244-5389
E-mail: mney@fridayfirm.com

3350 South Pinnacle Hills Parkway
Suite 301
Rogers, Arkansas 72758
www.FridayFirm.com

December 7, 2020

**VIA EMAIL ONLY**

Mr. Andrew Nieh
51 W. 52nd Street
New York, New York 10019
Andrew.nieh@cbs.com

Re: **Bret Bielema v. The Razorback Foundation, Inc.**
United States District Court, Western District of Arkansas
5:20-cv-05104-PKH

Dear Mr. Nieh:

I am in receipt of your November 25 email on behalf of Dennis Dodd. Your email includes a series of objections to the Subpoena served on Mr. Dodd on November 13 by The Razorback Foundation ("Foundation"). The objections are without merit, and Mr. Dodd must respond accordingly. Please consider this a good-faith attempt to obtain such documents without Court intervention.

First, you object to the Subpoena on the grounds that service has not been properly effected upon Mr. Dodd. But the attached affidavit of service reflects that Mr. Dodd was personally served on November 13 in Overland Park, Kansas.

Second, you object to the Subpoena because the place of compliance is beyond 100 miles from where Mr. Dodd resides or regularly transacts business. However, it is well-established that the place of compliance may be more than 100 miles away if the documents are requested to be produced by email or mail, as they are here. *See, e.g.*, *Walker v. Ctr. for Food Safety*, 667 F. Supp. 2d 133, 138 (D.D.C. 2009) (enforcing subpoena and explaining that "the 100 mile limit applies to travel by a subpoenaed person, but a person commanded to produce documents need not appear in person at the place of production or inspection"); *United States v. Brown*, 223 F. Supp. 3d 697, 703 (N.D. Ohio 2016) (enforcing subpoena and explaining that "courts generally find that the [100-mile limit] rule does not apply where documents can be mailed and do not require personal appearance"); *U.S. Bank Nat. Ass'n v. James*, 264 F.R.D. 17, 19 (D. Me. 2010) (explaining that "a majority of the courts that have dealt directly with the 100-mile issue have held that such a subpoena should be enforced").

Third, you object on a number of vague, generic grounds, including that the requests are ambiguous, overbroad, unduly burdensome, lack specificity, not relevant to the claims and defenses, pose an undue burden, and should be obtained from another source or alternative

means of discovery. These blanket, general objections are improper. *See Paisley Park Enterprises, Inc. v. Boxill*, 2019 WL 1036059, at *4 (D. Minn. Mar. 5, 2019) (holding boilerplate objections to subpoena "are insufficient to preserve the objecting party's rights"); *Kirby v. United Am. Ins. Co.*, 2009 WL 10675166, at *3 (E.D. Ark. Feb. 13, 2009) (collecting cases finding "boilerplate, generalized objections are not only improper, but also are tantamount to no objection at all.").

Fourth, to the extent you are withholding documents on the basis that they contain confidential and sensitive business information, the parties have submitted a Stipulated Protective Order to the Court for its approval. The Protective Order includes protections for third parties. This letter confirms that until the Stipulated Protective Order is entered, we will agree to hold any such confidential materials as "attorneys' eyes only" and expect Mr. Dodd to produce all responsive documents immediately.

Fifth, to the extent Mr. Dodd is withholding documents based on a claim of privilege, including any reporter's privileges, please provide a privilege log to allow the Foundation to assess Mr. Dodd's claims of privilege. This privilege log must identify with particularity: the document date, author, address, recipient, title, and subject matter. Please provide a privilege log by December 14.

Please confirm by no later than December 14: (i) that Mr. Dodd will produce all documents responsive to the Subpoena and (ii) a date certain when all documents will be produced. If we do not receive a response on or before December 14, 2020, we will be forced to file a motion to compel.

Sincerely yours,

Marshall S. Ney

MSN:cec
Attachment

Case Number: 5:20-cv-05104-PKH

Return and Affidavit of Service

State of Kansas )
)
County of Johnson )

Before the undersigned, a Notary Public, duly qualified and acting in and for said county and state, appeared Edward McPheeters, the affiant, who states the following under oath:

On this 13 day of November, 2020, I, Edward McPheeters, authorized process server for Johnson County, Kansas did serve a copy of: Subpoena in a civil case issued by the United States District Court for the Western District of Arkansas in Case Number 5:20-CV-05104-PKH upon Dennis Dodd herein by, delivering said documents personally to him on the 13TH of November at 2:29pm. Served at 12733 Richards Street, Overland Park, Kansas.

Edward McPheeters

Subscribed and sworn to before this 2nd day of December, 2020.

My Commission Expires:

NOTARY PUBLIC - State of Kansas
Roxanne Hidaka
My Appt. Expires 9-16-24

9-16-24

Notary Public

1

FEC\44844\0001\8181318.v1-12/2/20