# Exhibit E

**From:** Nieh, Andrew <andrew.nieh@cbs.com>
**Sent:** Tuesday, December 15, 2020 4:30 PM
**To:** Cara E. Comer <ccomer@fridayfirm.com>
**Cc:** Marshall S. Ney <mney@fridayfirm.com>; Robert W. George <rgeorge@fridayfirm.com>; Katherine C. Campbell <kcampbell@fridayfirm.com>
**Subject:** RE: Bret Bielema v. The Razorback Foundation, Inc.

Mr. Ney:

I respectfully disagree with your contention that Mr. Dodd's objections are without merit.

First, your process server served Mr. Dodd's wife and did not serve Mr. Dodd. Notably, the process server's affidavit contains no description of the person he served. Mr. Dodd's objection as to service remains.

Second, Rule 45(c)(2) expressly prescribes that a subpoena can only command the "production of documents, *electronically stored information*, or tangible things *at a place within 100 miles of where the person resides*, is employed, or regularly transacts business in person."  (emphasis added.)  Indeed, the *Walker* case has been superseded by the 2013 amendments to the FRCP, as noted in *Europlay Capital Advisors, LLC v. Does*, 323 F.R.D. 628, 630 (C.D. Cal. 2018) ("Plaintiffs contend that 'the 100-mile limit does not apply to the production of documents,' citing *Walker v. Ctr. for Food Safety*, 667 F. Supp. 2d 133, 137 (D.D.C. 2009). (Dkt. No. 22 at 2).  However, *Walker* was decided four years prior to the Rule 45 amendments, and the current version of Rule 45 clearly requires that the 'production of documents [or] electronically stored information' must be 'at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person.' Fed. R. Civ. P. 45(c)(2)(A).").  The other two cases you cite are equally inapplicable here, as one is from a different district court and the other was similarly decided prior to the FRCP amendments that amended Rule 45 to provide that the 100 mile rule applies to all documents commanded to be produced under a Rule 45 subpoena. Mr. Dodd's objection as to the Subpoena being invalid stands.

Third, Mr. Dodd's objections were specifically addressed to the Subpoena and its overly broad requests.  Your arguments here are untenable, and Mr. Dodd stands on his objections.

Lastly, Mr. Dodd has no obligation to provide a privilege log, especially in connection with his assertion of the reporter's privilege which protect the identity of any of his potential sources.  Mr. Dodd stands on his First Amendment rights and protections under the shield law.

-Andrew