UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

BRET A. BIELEMA                                                                                   PLAINTIFF

v.

THE RAZORBACK FOUNDATION, INC.                                                DEFENDANT

No. 5:20-CV-05104

THE RAZORBACK FOUNDATION, INC.                                        COUNTERPLAINTIFF

v.

BRET A. BIELEMA and NEIL CORNRICH                                  COUNTERDEFENDANTS

## ORDER

Defendant and Counterclaimant The Razorback Foundation, Inc. ("the Foundation") filed a motion (Doc. 63) to compel nonparty Dennis Dodd to comply with a subpoena issued under Federal Rule of Civil Procedure 45. Dennis Dodd is a sportswriter for CBS Sports. The affidavit of service (Doc. 63-2) and various communications (Docs. 63-3, 63-4, 63-5) with Mr. Dodd's attorney reflect that David Dodd resides in Overland Park, Kansas. The filed documents do not clearly reflect the geographical location of his place of employment or where he regularly transacts business in person.

The subpoena (Doc. 63-1) commands the production of documents and electronic communications between Mr. Dodd and Plaintiff and Counterdefendant Bret Bielema, in Rogers, Arkansas. Because the subpoena requires compliance in this district, this is the appropriate district court in which to file a motion to compel. Fed. R. Civ. P. 37(a)(2). This Court would also have first pass at considering whether the subpoena should be quashed or modified, were such a motion to be filed. Fed. R. Civ. P. 45(d)(3).

At this time, the Court need not wait for a motion to quash or modify. Pursuant to the explicit terms of Federal Rule of Civil Procedure 45, Mr. Dodd may only be commanded to produce documents, electronically stored information, or tangible things at a place within 100 miles of where he resides, is employed, or regularly transacts business in person. Fed. Ric. Civ. P. 45(c)(2)(A). Without reaching the merits of Mr. Dodd's other objections, were Mr. Dodd to file a motion to quash or modify based only on the fact that he does not reside, is not employed, and does not regularly transact business in person within 100 miles of Rogers, Arkansas, it would be mandatory for the Court to grant that relief based on the present record. Fed R. Civ. P. 45(d)(3)(A)(ii). Because a motion to quash or modify would likely be granted on procedural grounds, and to expedite resolution of the substantive issues raised by the Foundation's motion and Mr. Dodd's objections to the subpoena, the Court will deny the pending motion to compel with leave to refile. A renewed motion should demonstrate that Mr. Dodd resides, is employed, or regularly transacts business in person within 100 miles of Rogers, Arkansas. Alternatively, the Foundation may issue a subpoena commanding compliance at a place within a permissible range so that if Mr. Dodd maintains his objections to the substance of the subpoena, those objections may be addressed by the appropriate court.

IT IS THEREFORE ORDERED that the motion to compel (Doc. 63) is DENIED without prejudice to its refiling or to modification of the underlying subpoena.

IT IS SO ORDERED this 15th day of January, 2021.

*/s/ P. K. Holmes, III*
P.K. HOLMES, III
U.S. DISTRICT JUDGE