## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
## FAYETTEVILLE DIVISION

**BRET A. BIELEMA**                                                                                       **PLAINTIFF**

 **v.**

**THE RAZORBACK FOUNDATION, INC.**                                           **DEFENDANT**

**5:20-cv-05104-PKH**

**THE RAZORBACK FOUNDATION, INC.**                            **COUNTER-PLAINTIFF**

**v.**

**BRET A. BIELEMA and**

**NEIL CORNRICH**                                                          **COUNTER-DEFENDANTS**

**JOINT RESPONSE TO MOTION FOR LEAVE TO FILE A MOTION FOR LEAVE
TO FILE AMENDED COUNTERCLAIM AND BRIEF IN SUPPORT UNDER SEAL**

For their joint response to the motion filed by the Razorback Foundation, Inc. ("Foundation")

for leave to file an amended counterclaim and brief in support under seal, Bret Bielema and Neil

Cornrich ("Bielema and Cornrich") state:

1.  Rule 5.2(d) of the Federal Rules of Civil Procedure allows a Court to order that a filing be

    made under seal. In this case, the Court has entered a Protective Order that includes an

    agreed upon procedure for contesting the designation of documents by a party or a non-

    party as "Confidential" that includes a "meet and confer" obligation on counsel for the

    party contesting a "Confidential" designation. The relevant section of the Protective Order

    says:

1

A party or nonparty receiving designated information may challenge the designation of that information as confidential and subject to this protective order. Any challenge must be made by written request to the designating party or nonparty and must specifically identify the designated information challenged and the basis for the challenge. If the dispute cannot be resolved *after conferring in good faith as required by the Court's scheduling order,* the receiving party may move for appropriate relief, or the receiving nonparty may intervene and move for appropriate relief. Challenged designated information will remain subject to the protective order during the pendency of any challenge, and if necessary during subsequent resolution of the challenge by the Court. (emphasis added).

2.  The sole basis for the Foundation's motion for leave to file pleadings under seal is its intent to include in its amended counterclaim references to certain documents produced by the New England Patriots ("Patriots") and designated as "Confidential." The Foundation has gone on record asserting that these documents do not qualify for confidential treatment under the terms of the Protective Order. Rather than follow the procedures for contesting the Patriots' designation of these documents as "Confidential," including the "meet and confer" requirement, the Foundation has bypassed that procedure and filed the pending motion. The Foundation sent its proposed amended counterclaim to the undersigned counsel one hour and forty-nine minutes before the deadline the Foundation set for us to inform the Foundation whether we would consent to the filing of the amended complaint. Had we been given more notice, we would have initiated a discussion with opposing counsel about the concerns expressed in this response.

3.  As noted above, we have seen the proposed amended counterclaim. As the Court will learn if it grants the Foundation's motion, there is nothing in the proposed amendment that is

necessary to plead. None of the proposed additional language adds anything to the Foundation's claims for relief. Furthermore, none of the proposed new language alleges or suggests any additional wrongdoing by Bielema or Cornrich. In short, the proposed amendment has no legitimate purpose.  There is no need for the Foundation to amend its counterclaim, and its intent to do so is not based on any purpose Rule 15 was intended to advance.[1]

4.  As the Foundation has pointed out in a previous filing, Rule 8 of the Federal Rules of Civil Procedure requires "notice pleading" – a "short and plain statement of the facts." Brief in Support of Motion to Dismiss, No. 13, p. 2. The Foundation's counterclaim went far beyond the "notice pleading" that Rule 8 requires. Nothing in its proposed counterclaim advances the objective of preparing this case for trial.[2]

5.  As evidenced by the gratuitous statement in its motion that the Patriots were part of a "scheme to place Bielema in a low paying position," the Foundation's eagerness to file an amended complaint is based on a desire to draw more media attention to this case and use innocent third parties as leverage – not because it's necessary or even helpful in preparing this case for trial. Bret Bielema and Neil Cornrich are not the only ones aggrieved by the Foundation's tactics. Just last week, the Patriots' counsel plainly expressed his displeasure with these tactics in a strongly worded letter to the Foundation's counsel:

---

[1] Worse yet, the Foundation's rush to judgment based on its reading of a few third-party e-mails has once again eclipsed its duty to first make a reasonable inquiry. Should the Court grant leave to file the motion to amend under seal, Bielema and Cornrich reserve all substantive objections to the proposed amendment.

[2] [Counsel] should not engage in "gamesmanship . . . as a means to prepare this case for fair trial on what appear to be relatively straightforward legal claims." Order and Opinion, No. 59, p. 23.

3

"[Your position] is based on a gross misinterpretation of documents the Patriots produced. The Patriots paid Mr. Bielema a fair and reasonable sum for this work and undoubtedly could have offered him substantially less for the work he performed. A fair reading of the documents that we provided confirms this. . . .  It is obvious that what the Foundation is really doing is seeking improper leverage in a simple breach of contract dispute with a former coach. . . . As this matter proceeds, you also should consider how it might appear to others for the Foundation to be asserting frivolous claims against and harassing a professional football team for simply providing an opportunity to a fired college football coach."

*Letter to Marshall Ney from Brandon Bigelow*, *(Seyfarth Shaw)* January 16, 2021.

Recognizing that the Court has broad discretion under Rule 5.2(d) to order that a pleading be redacted or filed under seal, Bielema and Cornrich respectfully submit that the Foundation has bypassed the proper starting point for the process of deciding whether this motion should be granted. Bielema and Cornrich request that the Court order the Foundation to first follow the procedures set forth in the Protective Order that were intended to encourage the resolution of disagreements about "confidential" designations. By doing so, the Foundation and the Patriots may reach an agreement that makes it unnecessary for any pleading, or portion thereof, to be filed under seal.

Respectfully submitted,

By: /s/ Thomas A. Mars                         .
    Thomas A. Mars, AR Bar 86115
    MARS LAW FIRM, P.A.
    5500 Pinnacle Point Drive, Suite 202
    Rogers, AR 72758
    Phone: (479) 381-5535
    tom@mars-law.com

4

John C. Everett, AR Bar 70022
EVERETT LAW FIRM

P.O. Box 1460

12217 W. Hwy. 62
Farmington, AR 72730-1460

Phone: (479) 267-0292

john@everettfirm.com


John E. Tull III, AR Bar 84150
QUATTLEBAUM, GROOMS & TULL PLLC

111 Center St., Suite 1900
Little Rock, AR 72201

Phone: (501) 379-1705

jtull@qgtlaw.com


Ryan K. Culpepper, AR Bar 2012093
CULPEPPER LAW FIRM, PLLC

P.O. Box 70

Hot Springs, AR 71902

Phone: (501) 760-0500

ryan@theculpepperfirm.com


R. Craig Wood
Benjamin P. Abel
    (*admitted pro hac vice*)

McGUIRE WOODS LLP

Court Square Building

652 Peter Jefferson Parkway, Suite 350
Charlottesville, VA 22911

Phone: (434) 977-2558

cwood@mcguirewoods.com
babel@mcguirewoods.com

***Counsel for Plaintiff/Counter-Defendant Bret Bielema***

5

/s/ Richard N. Watts
Richard N. Watts AR Bar 82174
Watts, Donovan, Tilley & Carson, P.A.
2120 Riverfront Dr., Suite 275

Little Rock, AR 72202

Phone: (501) 372-1406

richard.watts@wdtc.law

**Counsel for Counter-Defendant Neil Cornrich**