UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

BRET A. BIELEMA                                                                                          PLAINTIFF

v.

THE RAZORBACK FOUNDATION, INC.                                                        DEFENDANT

No. 5:20-CV-05104

THE RAZORBACK FOUNDATION, INC.                                              COUNTERPLAINTIFF

v.

BRET A. BIELEMA and NEIL CORNRICH                                       COUNTERDEFENDANTS

## ORDER

On February 5, 2021, the Court entered an order (Doc. 77) directing the New England Patriots ("NEP") to demonstrate that various NEP emails attached as sealed exhibits to The Razorback Foundation, Inc.'s ("the Foundation") motion (Doc. 69) to file an amended counterclaim should remain protected under the Court's protective order. The Court has considered NEP's response (Doc. 80) in light of the persuasive reasoning in *United States v. Amodeo*, 44 F.3d 141 (2d Cir. 1995) ("*Amodeo I*") and *United States v. Amodeo*, 71 F.3d 1044 (2d Cir. 1995) ("*Amodeo II*"). Some portions of the emails are clearly subject to the protective order, such as internal email addresses and business discussions about persons who appear entirely unrelated to this action. The Court is not convinced that all of the information in the emails is as sensitive as NEP's response argues, however, or that NEP has demonstrated that the competitive injuries it identifies are likely, or even plausible, should some of the information contained in the emails be publicly disclosed. It appears many of NEP's concerns could be adequately addressed by additional redaction, rather than full access restriction.

Nonetheless, the emails in their entirety will remain subject to the protective order at this time. It is not yet certain that any portion of those emails or the information derived from them will be "relevant to the performance of the judicial function and useful in the judicial process," such that they should be considered judicial documents. *Amodeo I*, 44 F.3d at 145. Because the emails are merely documents exchanged in discovery at this point, the Court will extend NEP the benefit of the doubt and accept its argument that the emails should be protected in their entirety. If it becomes appropriate to treat the emails, or information derived therefrom, as judicial documents—for example, if the emails are a part of the record upon which the Court must rely in whole or part in reaching a decision during a motion on the merits, or if they are to be introduced into evidence at trial—the Court will revisit this question.

This leaves pending the Foundation's motion (Doc. 69) for leave to file an amended counterclaim. The Court has confirmed with counsel for Bret A. Bielema and Neil Cornrich that neither opposes the filing of an amended pleading.

IT IS THEREFORE ORDERED that the Foundation's motion (Doc. 69) is GRANTED. The Foundation is directed to file the redacted counterclaim attached as an exhibit to its motion. The unredacted counterclaim, the NEP email exhibits, and other documents subject to the protective order may be filed electronically under seal as exhibits to the counterclaim, and the Clerk will maintain those documents with access restricted to the Court and parties.

IT IS SO ORDERED this 2nd day of March, 2021.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE