UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

BRET A. BIELEMA                                                                                    PLAINTIFF

v.

THE RAZORBACK FOUNDATION, INC.                                                    DEFENDANT

No. 5:20-CV-05104

THE RAZORBACK FOUNDATION, INC.                                           COUNTERPLAINTIFF

v.

BRET A. BIELEMA and NEIL CORNRICH                                        COUNTERDEFENDANTS

## OPINION AND ORDER

Before the Court is Bret A. Bielema and Neil Cornrich's motion (Doc. 44) for sanctions. Bielema and Cornrich filed a brief (Doc. 45) in support. The Razorback Foundation, Inc. ("the Foundation") filed a response (Doc. 46), and Bielema and Cornrich filed a reply (Doc. 49) with leave of Court. The Foundation filed a motion (Doc. 57) for leave to file a surreply, which Bielema and Cornrich oppose (Doc. 58), and which will be denied. Bielema and Cornrich's motion asks the Court to impose sanctions pursuant to Federal Rule of Civil Procedure 11 on the basis of allegations in the Foundation's counterclaim (Doc. 35) against Bielema and Cornrich. The counterclaim was subsequently amended (Docs. 86 and 87), but because the allegations that give rise to the motion for sanctions remain, the motion for sanctions is not mooted by the amendment. The motion will be denied.

Federal Rule of Civil Procedure 11 reads, in relevant part:

By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

1

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; [or]
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

Fed. R. Civ. P. 11(b). "Rule 11's main purpose 'is to deter baseless filings . . . . Rule 11 imposes a duty on attorneys to certify that they have conducted a reasonable inquiry and have determined that any papers filed with the court are well grounded in fact, legally tenable, and "not interposed for any improper purpose."'" *Adams v. USAA Cas. Ins. Co.*, 863 F.3d 1069, 1077 (8th Cir. 2017) (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990)). "[T]he standard under Rule 11 is whether the attorney's conduct, 'viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court.'" *Clark v. United Parcel Serv., Inc.*, 460 F.3d 1004, 1010 (8th Cir. 2006) (quoting *Perkins v. Spivey*, 911 F.2d 22, 36 (8th Cir. 1990)).

Bielema and Cornrich argue that a number of the Foundation's allegations against Bielema and Cornrich of fraudulent and conspiratorial behavior could not be made in good faith if the Foundation and its attorneys had made inquiry reasonable under the circumstances prior to pleading those facts, and conclude that the allegations must be made for an improper purpose. The Foundation's allegations address provisions in Bielema's contract with the New England Patriots, Cornrich's involvement in negotiating that contract, and the overlapping timing of the negotiation of the New England Patriots contract and the finalization of Bielema's release agreement with the Foundation. The allegations also concern public statements Bielema made in interviews, conversations between Cornrich and the Foundation, statements made by unidentified parties to the Foundation concerning Bielema's post-Razorback job search efforts, a lack of communication from Bielema when the Foundation expected it, and overall perceived inconsistencies between Bielema's stated intent and his actions.

2

An in-depth analysis is not required to resolve this motion. Rule 11, though demanding a reasonable inquiry before including allegations in a pleading, typically does not impose an onerous burden of prepleading discovery. At the pleading stage, the Rule instead provides "flexibility . . . allowing pleadings based on evidence reasonably anticipated after further investigation or discovery." *Rotella v. Wood*, 528 U.S. 549, 560 (2000). The essence of Bielema and Cornrich's argument is that the Foundation's allegations and conclusions are unreasonable in light of information and more plausible explanations provided to the Foundation by Bielema and Cornrich. Bielema and Cornrich's explanations ultimately may prove to be more plausible, but Rule 11 does not prohibit a party from litigating reasonable allegations that are later determined to be less plausible than the alternative. "The question is not whether the fact assertion is later rejected or even revealed to have been groundless in hindsight, but whether that lawyer had information at the time of making the assertion that reasonably could have supported it." Steven S. Gensler and Lumen N. Mulligan, 1 FEDERAL RULES OF CIVIL PROCEDURE, RULES AND COMMENTARY Rule 11, Westlaw (February 2021 update) (citing cases).

Just as the Court must, the Foundation may draw reasonable factual inferences in its favor when pleading claims against an opposing party. The Foundation is not required to accept Bielema and Cornrich's explanations as true. The allegations and inferences here are not so frivolous as to be unreasonable, and sanctions are not warranted. While the allegations do not warrant sanctions, the duty of reasonable investigation continues through discovery, and Rule 11 applies not only when pleadings are presented to the Court, but when a party later advocates for them. Should the Foundation ultimately determine its accused factual allegations have no evidentiary support, it will be expected to withdraw those allegations, to amend them to conform to the evidence, or to abandon them in response to dispositive motions practice. Conversely, should evidentiary support

be produced during discovery, the Foundation may persist in its claims.

To the extent Bielema and Cornrich's motion should alternately be construed as a Rule 12(b)(6) motion to dismiss, the amended counterclaim (Docs. 86 and 87)[1] has mooted that motion, and Bielema and Cornrich's answers (Docs. 88 and 89) to that amended counterclaim have rendered any Rule 12(b)(6) motion untimely.

The Court exercises its discretion not to award fees or costs on this motion.

IT IS THEREFORE ORDERED that Foundation's motion (Doc. 57) for leave to file a surreply is DENIED and Bielema and Cornrich's motion (Doc. 44) for sanctions is DENIED.

IT IS SO ORDERED this 9th day of March, 2021.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE

---

[1] Document 87 is an unredacted copy of Document 86.